Homer BROWN, Appellant,

v.

W. P. FRENCH, Individually and d/b/a W. P. French Painting & Contract-ing, Appellee.

No. 7702.

Court of Civil Appeals of Texas.

Amarillo.

March 20, 1967.

Rehearing Denied April 17, 1967.

Jerry R. Hollingsworth, Amarillo, for appellant.

Dunlap & Zimmerman, Amarillo, Warren E. Zimmerman, Amarillo, of counsel, for appellee.

NORTHCUTT, Justice.

On July 7, 1965, plaintiff, W. P. French, individually and doing business as W. P. French Painting & Contracting, brought suit against the defendant, Homer Brown, contending he entered into a painting contract with the defendant to paint defendant's house. It was plaintiff's contention that defendant would pay the plaintiff such sum of money as said services were reasonably worth and then pleaded said services for labor and materials were reasonably worth $2,153.83. Plaintiff further pleaded for attorney's fee. The defendant filed a general denial.

On September 27, 1965, the plaintiff filed his motion for summary judgment. His attorney of record filed his sworn certificate on September 27, 1965, stating that a copy of the motion, affidavit in support and order were forwarded on September 24, 1965, to defendant's attorney of record by certified mail, return receipt requested. The order set the motion for hearing for October 19, 1965, at 9:00 o'clock a. m. Summary judgment was entered in favor of the plaintiff on October 19, 1965.

On October 27, 1965, the defendant filed a motion for new trial alleging in part as follows:

"At some time unknown to Defendant BROWN, Plaintiff FRENCH filed his Motion for Summary Judgment herein, upon which the Court's Judgment was based.

"Neither Defendant BROWN nor his attorney of record had any notice of the filing of the Motion nor of setting of the Motion for hearing until Defendant's Counsel was informed by the Court of the entry of Judgment.

"WHEREFORE this Defendant prays that the Judgment herein be set aside, that a new trial be granted, and that all costs in the proceeding to date be taxed against the Plaintiff."

The attorneys for the plaintiff and defendant stipulated, at the hearing on motion for new trial, that the notice of the setting of the motion for summary judgment was duly and regularly mailed but that the notice was not received by defendant or his attorney. The court took no further action on the motion for new trial and the same was overruled by operation of law. The defendant gave notice of appeal but did not perfect his appeal in proper time.

On April 11, 1966, defendant filed a bill of review setting out the same matters alleged in his motion for new trial and several other matters as to why the summary judgment should be set aside and after praying that the summary judgment be set aside pleaded a cross-action seeking to recover damages because of fraud on the part of plaintiff. The plaintiff filed a special appearance as to the cross-action of the defendant stating why the defendant could not maintain the cross-action in his bill of review. Judgment was entered by the court denying the defendant any relief upon his cross-action. The court was correct in so holding as such matters were not involved in this bill of review. The court further entered judgment denying the defendant any

relief requested in the bill of review and refused to set aside the summary judgment entered on October 19, 1965. From that judgment the defendant perfected this appeal. Hereinafter the parties will be referred to as they were in the trial court.

■ Although the defendant presents this appeal upon seven points of error, we believe there is only one real issue here involved and that is whether the summary judgment was properly rendered as provided for under Rule 166–A, Texas Rules of Civil Procedure. That rule concerning the entry of summary judgment provides in part as follows: "The motion shall be served at least ten days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits." Attorney for the plaintiff made affidavit that he sent a copy of the motion to defendant's attorney by certified mail, return receipt requested. He agreed that he never received the requested receipt showing the delivery of the motion to defendant's attorney. Consequently, the attorney had no reason to believe defendant's attorney had received the motion for summary judgment; but since it is stipulated that the notice was not received, it definitely shows defendant was never served with such motion.

Plaintiff pleaded that on or about April 8, 1964, defendant requested the plaintiff to render services to defendant as a painter on the improvements of a dwelling house. There are several reasons why we think this judgment should be reversed. The original petition states that defendant promised to pay plaintiff such sum of money as said services were reasonably worth and that said services for labor and materials were reasonably worth $2,153.83. Plaintiff attached to the petition as Exhibit A and made a part thereof a number of articles which the plaintiff sought to recover for together with taxes in the sum of $163.98 and also attached a list of names and figures for which plaintiff seeks to recover the sum of $1,616.05, for their labor making a total of $1,780.03; then adds ten per cent of the

$1,780.03 as expenses which would be $178; then adds those two items making the total $1,958.03; then takes ten per cent of the $1,958.03 as profit, being $195.80; then seeks judgment for the total of the last two items in the sum of $2,153.83, plus attorney's fees and interest. Judgment was rendered in favor of the plaintiff for the $2,153.83, plus $86.15 as interest and $700 attorney's fees, making the total of $2,939.98.

There are no pleadings to show who was to furnish the materials or that the plaintiff would furnish the materials and neither is there any pleadings that the men listed performed work for the plaintiff on defendant's property. As pleaded, this is not a suit upon a sworn account as to require a denial under oath. A summary judgment on the pleadings could not properly be entered for plaintiff when the defendant had a general denial on file. Trevino v. American Nat. Ins. Co., 140 Tex. 500, 168 S.W.2d 656 (1943); Alexander v. Houston Oil Field Material Company, 386 S.W.2d 540 (Tex. Civ.App.—Tyler, 1965, writ ref'd n. r. e.).

■ However, should we be wrong in the above statements, we think the court erred in granting summary judgment herein without the defendant being served with a motion for summary judgment. The trial court could have been easily misled in believing the defendant's attorney had been served with notice of the motion by virtue of the certificate of service made by plaintiff's attorney showing the motion had been forwarded to defendant's attorney by certified mail, with return receipt requested. When the receipt requested was not returned, it seems to us that that would have caused the plaintiff's attorney to check to see if the motion had been served and that could have been determined by a local telephone call to the defendant's attorney. If a suit is filed against a defendant but the defendant has never been served with proper notice the trial court has no right to enter judgment against the defendant and if judgment should be entered, it would be void. Stanley v. Columbus State Bank, 258 S.W.

2d 840 (Tex.Civ.App.—Fort Worth, 1953, writ ref'd n. r. e.).

It is stated in the case of Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958) as follows:

"It must be kept in mind that this case has never been tried on its merits, but only on motions for summary judgment under Rule 166–A. The right to summary judgment was unknown to common law and exists in this State only by virtue of that rule. In order to be entitled to the benefits of the rule all of its terms must be complied with. This the defendants have failed to do."

See also Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961) as follows:

"Summary judgment is possible in this state only by virtue of the provision of Rule 166–A. To entitle a party to a summary judgment, the provisions of this rule must be strictly complied with. Gulbenkian v. Penn, 1952, 151 Tex. 412, 252 S.W.2d 929; Womack v. Allstate Insurance Company, 1957, 156 Tex. 467, 296 S. W.2d 233. 'The burden of demonstrating the lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against him,' McDonald, Texas Civil Practice, Vol. 4, p. 1392, § 17.26(VI)."

■ The remedy sought herein by summary judgment is certainly different from that originally sought. The only right that a party has to recover summary judgment is given to him by the provisions of Rule 166–A. Unless the party seeking summary judgment properly brings the matter before the court as provided under that rule the court has no jurisdiction to render that particular judgment. Jurisdiction of the subject matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question and to determine whether or not they are sufficient to invoke the exercise of that power. Jurisdiction does not relate to the right of the parties as between each

other but to the power of the court. There are three kinds of jurisdiction; (1) of the subject matter, (2) of the person, and (3) to render a particular judgment. Did the plaintiff in this case show a right to the relief which he sought? If he did, then defendant should have proceeded by appeal to present any error relied upon; then the next question would be, has the court authority to determine whether or not he has shown such right? The last question is the question of jurisdiction.

The plaintiff did not comply with Rule 166-A, T.R.C.P., in that defendant was never served with the motion for summary judgment and this fact is so stipulated. Consequently, the trial court, so far as entering the summary judgment was concerned, did not have jurisdiction of the defendant as the motion for summary judgment had not been served on the defendant and the court could not render that particular judgment.

It is stated in Taylor v. Phillips Petroleum Company, 295 S.W.2d 738 (Tex.Civ.App.—Galveston, 1956, writ ref'd n. r. e.) as follows: "Power to render the particular relief awarded is an essential element of jurisdiction in a court." See also Martin v. Sheppard, 145 Tex. 639, 201 S.W.2d 810 (1947) where it is stated: "If that court did not have jurisdiction, both of the parties and of the subject matter of the litigation, the judgment is void and subject to attack in this collateral proceeding." In that same case it is stated: "The jurisdiction of a court must be determined, not upon the court's action in deciding the questions presented in a case, but upon the character of the case itself. Jurisdiction is the power to decide, and not merely the power to decide correctly." A judgment rendered by a court which does not have jurisdiction of the subject matter is void. Easterline v. Bean, 121 Tex. 327, 49 S.W.2d 427 (1932); Ferguson v. Ferguson, 127 S.W.2d 1018 (Tex.Civ.App.—Eastland, 1939, writ dism'd).

We are of the opinion, and so hold, that the plaintiff did not comply with Rule 166-A

so as to entitle him to summary judgment and that the trial court erred in not setting aside the summary judgment as requested by the defendant in his bill of review.

Judgment of the trial court is reversed and remanded for a trial upon the merits. It is further ordered that plaintiff pay all costs of this appeal.