**Doris Smith GRATEHOUSE, Appellant,**

v.

**Woodrow W. GRATEHOUSE, Appellee.**

**No. 4612.**

Court of Civil Appeals of Texas.

Waco.

June 22, 1967.

Rehearing Denied July 13, 1967.

Butler, Binion, Rice, Cook & Knapp, Tom Alexander, Houston, for appellant.

F. W. Moore, Houston, for appellee.

## OPINION

WILSON, Justice.

The question here is whether, as against appellant's contentions, the Harris County Court of Domestic Relations improperly granted a temporary injunction restraining defendant in a divorce case pending in that court from proceeding as plaintiff in a divorce action in the district court of another county.

Appellee husband filed a divorce suit in the Harris County Court on February 1, 1966. In May, 1966 appellant wife answered alleging generally lack of jurisdiction, estoppel by "actions" in a Louisiana proceeding, condonation and recrimination. On August 24th of that year she filed a cross-action for divorce in the Harris County suit. September 7, 1966 appellant wife filed a divorce suit against appellee in the District Court of San Augustine County. The parties devote extensive discussion to Louisiana separation a mensa et thoro proceedings. They are not the subject of the prayer for injunction or the order.

The husband filed in the latter court on October 3rd a "motion to the jurisdiction" alleging the essence of the foregoing facts, the prior pendency of the Harris County divorce action between the same parties, and the appearance of the wife therein.

Copies of the pleadings in the first suit in Harris County were attached as exhibits. That plea was overruled by the San Augustine County District Court October 3, 1966 by an order which also directed custody of children and awarded child support. Within a week thereafter the husband filed another plea which he denominated a "plea in abatement" in the San Augustine County case, and obtained a setting for its hearing on November 3rd.

The temporary injunction appealed from was granted by the court in the Harris County case on October 28th.[1]

The wife's point is that, although the Harris County court had general jurisdiction to grant injunctive relief, the temporary injunction was not authorized here because the husband had "an adequate remedy by plea in abatement" in San Augustine County, which was filed but not acted on before the injunction order was entered. Lancaster v. Lancaster (1956) 155 Tex. 528, 291 S.W.2d 303; and Powers v. Temple Trust Co., 124 Tex. 440, 78 S.W.2d 951 are relied on. The effect of the holdings in these cases is that where a subsequent suit involving the same parties and subject matter is filed in another court of co-ordinate jurisdiction, the filing and presenting of a plea in abatement in the latter court is prerequisite to the granting of injunctive relief by the court in which the first suit is filed.

■ The argument is answered by the fact that a plea in abatement was so filed and presented before the Harris County Court of Domestic Relations acted.

■ The misnomer of the husband's pleading does not destroy its effect as a plea in abatement. It contained the essentials of such a plea, although called a "motion to the jurisdiction." It was not verified, but no exception was presented. A principal purpose of a pleading is to inform the court and the opposing party of the facts relied on and of the pleader's claims. It is to be "considered for all that it means instead of what it is called." Glenn v. Dallas County Bois D'arc Island Levee Dist., 114 Tex. 325, 268 S.W. 452, 453; and the name indorsed on it is not controlling. Goodrich v. First Nat. Bank, Tex. Civ.App., 70 S.W.2d 609, writ ref.

Appellant urges injunction was improper because she pleaded the husband had not satisfied statutory residence requirements so as to give the Harris County court jurisdiction, and the husband failed to prove his residence in the hearing on the application for injunction.

■ Aside from the fact that the wife voluntarily answered and filed a cross-action in Harris County, in which she affirmatively and unconditionally admitted the husband had resided in the State and County for the required time, the issue of whether he had been an inhabitant as required by Art. 4631, Vernon's Ann.Tex. Stat., is a part of the divorce action, the very subject matter with which the injunction prohibited interference. It is not an issue to be determined on the hearing for temporary injunction as a prerequisite for the granting of that relief. Houston Belt & Terminal Ry. Co. v. Texas & N. O. R. Co., 155 Tex. 407, 289 S.W.2d 217; Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549; Southwest Weather Research v. Duncan, 160 Tex. 104, 327 S.W.2d 417.

In our opinion the injunction order is not subject to the objection raised. Cleveland v. Ward (1926), 116 Tex. 1, 285 S.W. 1063, 1072.

Affirmed.

---

1. There is evidence that the San Augustine County District Court entered an order on November 3, 1966 overruling the husband's plea in abatement, but staying further proceedings in that case pending determination of the present appeal.