**Bob BULLOCK, Comptroller of Public Accounts of the State of Texas, et al., Appellants,**

**v.**

**Frederic J. BRIGGS, et al., Appellees.**

**No. 13465.**

Court of Appeals of Texas, Austin.

Nov. 4, 1981.

Rehearing Denied Nov. 18, 1981.

Mark White, Atty. Gen., Lonny F. Zwiener, Asst. Atty. Gen., Austin, for appellants.

Robert J. Hearon, Jr., Graves, Dougherty, Hearon, Moody & Garwood, Austin, for appellees.

POWERS, Justice.

The question presented in this appeal is whether the trial court erred in rendering summary judgment for appellees, James W. Briggs and Frederic Briggs, against appellants, the State of Texas, its agents and employees. Appellees sued in the Texas district court upon a judgment obtained against appellants in a Florida court of general jurisdiction. The judgment was rendered in a tort action based upon personal injuries. The Florida judgment was not attacked directly by appeal in that State.

Recognizing the constitutional rule [1] that the Texas district court was required to give full faith and credit to the Florida judgment, the parties on appeal each argue a separate corollary to the constitutional rule.

Appellants contend that void foreign judgments are not enforceable under Article IV, § 1; that the Texas district court was required to examine the Florida proceedings to determine if the original judgment was void for lack of jurisdiction in the court that rendered it; and, that the record in the present case reveals just such a lack of jurisdiction because a Florida court could not exercise *in personam* jurisdiction over appellants without violating the constitutional guarantee of due process of law. This is so, appellants say, because the undisputed facts establish that they did not have the minimum voluntary contact with Florida required to permit that State to exercise jurisdiction over them consistent with fair play and substantial justice. Moreover, it was not fair and reasonable in the circumstances to require them to come into Florida to defend the claim. *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *U-Anchor Advertising, Inc. v. Burt,* 553 S.W.2d 760 (Tex.1977).

In contrast, appellees would have us sustain the summary judgment of the Texas district court which, in effect, gave full faith and credit to the Florida judgment. They base their position upon the rule of jurisdictional finality set forth in *Durfee v. Duke,* 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); that is, where the record of the original proceeding reflects that the juris-

---

1. "Full Faith and Credit shall be given in each State to the . . . judicial proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such . . . proceedings shall be proved, and the Effect thereof." U.S.Const., Art. IV, § 1.

The Florida proceedings in the present case were properly authenticated, proved and admitted in the Texas proceedings in the manner provided in 28 U.S.C. § 1738.

dictional issues were fully and fairly litigated by the parties, and determined in the original proceeding itself, the foreign court's final judgment necessarily incorporates its ruling on the jurisdictional issues and they may not be re-examined by a sister State under the rule of *res judicata.* *Durfee* involved issues of subject matter jurisdiction but we see no basis for distinguishing it from a case involving *in personam* jurisdiction, as we have presented in this appeal. The rule of *Durfee* would not apply, of course, when default judgments are entered in the original proceeding.

When we examine the Florida proceedings, as part of the summary judgment "evidence" in the Texas suit, we find that appellants filed in the Florida suit a "Plea to the Jurisdiction" by which they raised only the matter of sovereign immunity to suit and perhaps an implied want of capacity in appellees to bring their suit, based upon the proposition that the Texas legislature had not given them consent to sue. Appellants characterize this as a plea of "subject matter jurisdiction." We need not, in view of our holding, determine whether sovereign immunity is a jurisdictional plea, in that the court is not empowered to entertain the suit, or whether it is merely a bar that the State may or may not interpose to the claim. *See State v. Lain,* 162 Tex. 549, 349 S.W.2d 579 (1961). (In any event, the Florida court held the doctrine of sovereign immunity inapplicable to the suit under Florida law and no appeal was taken in Florida from that ruling.)

At the hearing on the appellants' "Plea to the Jurisdiction," appellants *argued* against the court's jurisdiction on the basis of sovereign immunity *and the minimum contact requirement for in personam jurisdiction.*[2]

2. We quote from part of the transcript of the hearing:

Appellant: "Your honor, the brief, I think, succinctly states the position of the State of Texas.

\*   \*   \*   \*   \*   \*

"We feel that, under even the minimal contacts theory of the case, that the proper forum for this cause of action is in Texas.

\*   \*   \*   \*   \*   \*

"The injury occurred in Texas. The misdiagnosis or maldiagnosis that is alleged of the injury occurred in Texas. So under both theories the minimum contacts are in Texas.

\*   \*   \*   \*   \*   \*

Appellees: "The contract was signed in Florida. Part of the advice, the misadvice that was given, was in Florida.

"He (a State employee) called again to Florida, after he (an appellee) was injured here, and told him to work it out, told him not to go to the doctor here but to go to the doctor there.

"The first time that I have been aware, and I do not accuse (appellants) of making it up, but this is the first time that I heard of the minimum contacts theory.

"What we have raised by the State of Texas in this case really is what they call a 'Plea to the Jurisdiction,' as I have always understood it, and I still think it is true, that what we are talking about is they have an absolute defense, sovereign immunity, period.

The Court: "Well, whatever it may be, as we relate to contacts and the rights to bring the cause of action here, may seem to be of evidentiary nature.

"I am wondering if there is anything in the file that reflects what the contacts are as relates to that or is it only your men's determination or suggestion at this time that the court rule on the question of sovereign immunity.

All right. When I rule, I want to be certain that you have what you want to test, and I do not want to make a ruling on my rights to make a decision based upon this contact, or in not having a contact, if in fact for your purposes that is not an issue to worry about at this time.

"Do you know what I am saying?

Appellees: "I think that is up to (appellants).

Appellants: "Of course, we have never answered on the merits. All we have ever filed in this suit is the plea to the jurisdiction.

The Court: "I guess what I am getting at is do I have to go forth, and as far as to satisfy you men and to make a finding that there are the following contacts or lack thereof, and thereafter, and to get me to answer the question on sovereign immunity, I have to take the position that I do, in fact, have jurisdiction, relative to the parties, do I not? Otherwise, we have solved nothing.

Appellants: "If I followed the Court, what you are saying is you have to assume that you have jurisdiction of the parties, and again, I have not made an issue of it . . .

The Court: "My point is this: I have to set forth in the order, the Court has jurisdiction, and based on that, either we find I do or do not, and the plea of sovereign immunity applies or does not, so as to frame the issue for your appeal. But it would seem kind of foolhardy to make a preliminary finding that I have the jurisdiction if in fact you want to go

The Florida court treated the matter of minimum contacts as a matter necessary to be decided before he ruled on the sovereign immunity claim. Appellants raised the question of *in personam* jurisdiction by brief and argument under their claim of sovereign immunity, but did not do so by motion as the Florida rules of procedure required. Fla.R.Civ.P. 1.140.

The Florida court entered an order which recited that it had jurisdiction of the parties and the subject matter; that the plea of sovereign immunity was denied; and that the appellants were required to file answers to appellees' complaint within 30 days. Appellants then filed an Original Answer in the cause which recited that they did so "without waiving their Plea in Abatement previously filed herein." The Original Answer pled only a general denial. Evidently, the reference to a "Plea in Abatement" was intended to be a reference to the "Plea to the Jurisdiction" filed by appellants; the record contains no "Plea in Abatement." Appellants' attorney appeared at trial and participated in it by cross-examining witnesses. We need not, therefore, determine whether the answer itself amounted to a general appearance.

Appellants contend that the Florida proceedings are void because that court had no jurisdiction over appellants; and the act of a party, such as participation in the trial, cannot confer jurisdiction on a court.

■ Appellants' proposition ignores the fundamental difference between subject matter and *in personam* jurisdiction. The former exists when the nature of the case falls within a general category of cases the

court is empowered, under applicable statutory and constitutional provisions, to adjudicate. The latter exists when the statutory procedures for bringing a party within the court's control are followed, and those procedures comport with due process of law; *or, it exists if a party appears voluntarily in the proceedings. Shields v. Thomas,* 18 How. 253, 59 U.S. 253, 15 L.Ed. 368 (1856); *Durfee v. Duke, supra;* 15 Tex. Jur.2d "Courts," § 49. Whereas subject matter jurisdiction is a fundamental stricture on the power of the court, and appellants' argument would be valid in that respect, *in personam* jurisdiction may be waived, as it was here, by a voluntary participation in the trial of the suit. *Leroy v. Great Western United Corp.,* 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). In that sense, appellants could, and did, confer jurisdiction upon the Florida court by their voluntary act. In our view, this is sufficient basis for affirming the summary judgment of the Texas district court.

■ It appears from the record, moreover, that the jurisdictional issues were fully and fairly litigated by the parties in the Florida proceedings. The district court in Texas was, therefore, required by Article IV, § 1 of the Constitution of the United States to give full faith and credit to the Florida proceedings, including the determination made therein that the Florida court had jurisdiction with respect both to the parties and the subject matter. *Durfee v. Duke, supra.*

No question is raised in this appeal as to whether enforcement of the Florida proceedings will contravene the public policy of this State with respect to the common law

back and attack that before you get to the sovereign immunity question."
While the record does not reflect that appellants responded to the court's implied invitation to file a motion raising the question of *in personam* jurisdiction, instead of merely raising it by brief and argument, the foregoing dialogue is sufficient to show that appellants unquestionably availed themselves of the opportunity to raise both aspects of jurisdiction, subject matter and personal, in the Florida proceed-

ings. They have had their day in court on the question of jurisdiction and by their own choice they submitted that question to the Florida court for adjudication. They may not now attack that adjudication collaterally. *Coe v. Coe,* 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451 (1948); *Sherrer v. Sherrer,* 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948). We see nothing unfair or unreasonable in the Florida proceedings.

doctrine of sovereign immunity and the exception from that doctrine represented by the Texas Tort Claims Act, Tex.Rev.Civ. Stat.Ann. art. 6252–19. *See Magnolia v. Hunt,* 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943); *Nevada v. Hall,* 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979). Rather, the sole point of error raised by appellants on appeal is whether they were denied due process of law by the Florida court's assertion of jurisdiction over them in the absence of the minimal voluntary contacts with Florida required to satisfy due process.

We hold that the Texas district court did not err in granting appellees summary judgment on their judgment debt.