**CITY OF EL PASO, Texas, a Municipal Corporation and City Plan Commission, El Paso, Appellants,**

v.

**MADERO DEVELOPMENT and Construction Company, Inc., a Texas Corporation, and Chaparral Equity Corporation, a Texas Corporation, Appellees.**

No. 08–89–00322–CV.

Court of Appeals of Texas, El Paso.

Jan. 4, 1991.

Rehearing Overruled Jan. 30, 1991.

Eduardo Miranda, Asst. City Atty., El Paso, Robert H. Freilich, Terry D. Morgan, Freilich, Leitner, Carlisle & Shortlidge, Kansas City, Mo., for appellants.

Alejandro Acosta, Jr., John S. Birkelback, Ginnings, Birkelbach, Keith & Delgado, El Paso, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

OPINION

WOODARD, Justice.

This is an appeal from a $871,200.00, plus interest, judgment against the City and its planning commission based upon inverse condemnation of property by rezoning. The jury established the amount of damages, and the trial court determined a "taking" as a matter of law. We reverse and render.

Point of Error No. One alleges the trial court erred in failing to apply the ripeness doctrine.

In September of 1980, the landowner filed its preliminary plat with the City Plan Commission. Phase One of the plan, consisting of 1.87 acres, received preliminary approval subject to various conditions in July 1981. Phases Two, Three and Four, consisting of thirty-two acres, were approved likewise in December 1982 and February 1984. Phase One was the only plan that received final approval, subject to certain conditions, and this was effected on December 2, 1982. In August of 1985, the landowner was notified by letter that there had been no activity on Phase One of the subdivision since the Plan Commission had approved it, and pursuant to the City's ordinance, "[f]ailure to submit the recording plat within one year from the date of the City Plan Commission approval of the final plat shall terminate all proceedings unless an extension of a specified amount of time is approved by the City Plan Commission." The letter further stated the subdivision file was officially closed.

In January of 1986, the land was rezoned for "Planned Mountain Development (PMD)" which entailed more restrictive use.

■ A controversy in administrative law is "ripe" for the courts when it has "legally matured" within its province. The ripeness doctrine is to prevent the courts, by avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a

concrete way by the challenging parties. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

An administrative action must be final before it is judicially reviewable. *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). The finality requirement is concerned with whether the initial decision maker has arrived at a definitive position on the issue that inflicts an actual concrete injury. It is not the same as an exhaustion of remedy requirement that generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate. *Id.* "Although '[t]he question of what constitutes a "taking" for the purposes of the Fifth Amendment has proved to be a problem of considerable difficulty,' ... among the factors of particular significance in the inquiry are the economic impact of the challenged action and the extent to which it interferes with reasonable investment-backed expectations." Those factors simply cannot be evaluated until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question. *Id.*

In this case, as in the *Williamson* case, the record does not disclose that the landowner has applied for variances to the zoning. It, therefore, leaves open the possibility that it could develop the subdivision according to its plat, or if not according to its plat, with some compromise to its plat after obtaining certain variances and that this would give it reasonable beneficial use of its property. The fact that the City notified the landowner that the file was "officially closed" due to inactivity would not obviate this procedure. The "closing of a file," per se, does not indicate a definitive position on the constitutional issue that inflicts an actual, concrete injury, and any problems or prohibitions in relation to the reopening of the file have not been made a part of the issue in this case.

Appellees contend the Appellants waived the "ripeness doctrine" as the Appellants made it their basis for a directed verdict when the Plaintiffs/Appellees rested their case, and then proceeded with their own evidence. *Jacobini v. Hall*, 719 S.W.2d 396 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.). The "Motion for Directed Verdict" clearly embodies the "ripeness doctrine" in its underlying grounds and ends with the following paragraph:

> Defendants are entitled to an instructed verdict on each of Plaintiffs' claims. The evidence clearly shows that there is no question of fact to submit to a jury, and that the question of whether Defendants' conduct amounts to a taking within the terms of Texas Constitution Article I, Section 17, is a question of law which is premature and cannot yet be submitted to the court.

The motion, in essence, notifies the court that the Plaintiffs have not established the condition precedent to empower the court to proceed with the adjudication of the subject matter. It expressly requests a directed verdict, but inferentially urges abatement or dismissal for want of jurisdiction. A principal purpose of a pleading is to inform the court and the opposing party of the facts relied on and of the pleader's claims. It is to be "considered for all that it means instead of what it is called." *Gratehouse v. Gratehouse*, 417 S.W.2d 592 (Tex.Civ.App.—Waco 1967, no writ); Tex. R.Civ.P. 71. Generally, there are three jurisdictional elements: (1) jurisdiction over the subject matter; (2) jurisdiction over the person or res; and (3) power to render the particular relief awarded. *Mobil Oil Corporation v. Matagorda County Drainage District No. 3*, 580 S.W.2d 634 (Tex.Civ. App.—Corpus Christi 1979), *reversed on other grounds*, 597 S.W.2d 910 (Tex.1980). Subject matter jurisdiction exists when the nature of the case falls within a general category of cases the court is empowered, under applicable statutory and constitutional provisions, to adjudicate. *Bullock v. Briggs*, 623 S.W.2d 508 (Tex.App.—Austin 1981, writ ref'd n.r.e.), *cert. denied*, 457 U.S. 1135, 102 S.Ct. 2962, 73 L.Ed.2d 1352

(1982). Jurisdiction of the subject matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question and to determine whether or not they are sufficient to invoke the exercise of that power. *Brown v. French,* 413 S.W.2d 924 (Tex.Civ.App.—Amarillo), *reversed on other grounds,* 424 S.W.2d 893 (Tex.1967). Want of jurisdiction of the subject matter of a suit will arrest a cause at any stage of the proceedings. *Southwestern Bell Telephone Company v. City of Kountze,* 543 S.W.2d 871 (Tex.Civ.App.—Beaumont 1976, no writ). It is not subject to waiver. *Armstrong v. West Texas Rig Company,* 339 S.W.2d 69 (Tex.Civ.App.—El Paso 1960, writ ref'd n.r.e.).

■■■■ The "ripeness doctrine" involves the issue of jurisdiction of the subject matter and power to render a particular relief. In *Williamson,* 473 U.S. at 200, 105 S.Ct. at 3123, 87 L.Ed.2d at 147, the Court stated "[i]n sum, respondent's claim is *premature,* whether it is analyzed as a deprivation of property without due process under the Fourteenth Amendment, or as a taking under the Just Compensation Clause of the Fifth Amendment." [Emphasis added]. In *MacDonald, Sommer & Frates v. County of Yolo,* 477 U.S. 340, 348, 106 S.Ct. 2561, 2566, 91 L.Ed.2d 285, 294 (1986), the Court stated "[i]t follows from the nature of a regulatory takings claim that *an essential prerequisite to its assertion* is a final and authoritative determination of the type and intensity of development legally permitted on the subject property." [Emphasis added]. By a "claim being premature," there is no claim that the court has jurisdiction or power to adjudicate. By a claim having "an essential prerequisite to its assertion," there is no claim that the court has jurisdiction or power to adjudicate until the essential prerequisite has been complied with. The "final determination" is a condition precedent to conferring jurisdiction to the trial court. There can be no "taking" by eminent domain until this condition is complied with. The burden of establishing jurisdiction, of proving a justiciable controversy, clearly falls on the moving party. *Reuter v. Cordes–Hendreks Coiffures, Inc.,*

422 S.W.2d 193 (Tex.Civ.App.—Houston [14th Dist.] 1967, no writ).

■■■■ Appellees attempt to invoke the "futility doctrine" as espoused in *MacDonald, Sommer & Frates v. County of Yolo,* 477 U.S. 340, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986), as an exception to the "ripeness" requirement. They claim that by the Appellants determining the slope of the area to be of forty-eight percent grade, the number of residential plots would be reduced from 150 to 11 plots under the PMD zoning, and according to their witnesses render the property valueless. They contend the Zoning Board of Adjustment had no authority to make variances not in keeping with the specific intent and extent of the PMD ordinance [*Board of Adjustment of the City of San Antonio v. Willie,* 511 S.W.2d 591 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.) ], and any request for them to do so would be futile. This, therefore, would obviate the necessity of seeking a "final" determination. *El Paso, Tex., Ordinances* ch. 2.16, § 2.16.030 (1989) provides that the Board is empowered to authorize variances as will not be contrary to the public interest; and where a literal enforcement of the zoning laws, due to the nature of the property, would result in unnecessary hardship to an extent preventing any reasonable use of the property whatsoever, and so that the spirit of the zoning laws shall be observed and substantial justice done.

■■■■ It follows from the nature of a regulatory takings claim that an essential prerequisite to its assertion is a final and authoritative determination of the type and intensity of development legally permitted on the subject property. A court cannot determine whether a regulation has gone "too far" unless it knows how far the regulation goes. This is a question of degree—and therefore cannot be disposed of by general propositions. *MacDonald, Sommer & Frates v. County of Yolo,* 477 U.S. 340, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986).

There is then, a question of degree in determining whether a particular variance would violate the spirit of the zoning laws.

Some number of density of lots over eleven may or may not, and that must be determined by the Zoning Board of Adjustment acting within its guidelines. After this degree is attained, the degree of taking can be arrived at. These degrees not only affect whether there is a taking but are relevant to the market value of the property for the purposes of establishing damages, if there is a taking.

■ Appellees further attempt to invoke the futility doctrine by testimony that two of the city aldermen stated words to the effect that they wished to impede the development of the property by zoning the property PMD. Therefore, it would be futile to attempt to obtain variances in view of the city's mind-set. Individual legislators are incompetent witnesses in regard to laws enacted because any law expresses the collective will of the legislative body and must be interpreted in that light. *Mayhew v. Town of Sunnyvale,* 774 S.W.2d 284 (Tex.App.—Dallas 1989, writ denied).

Point of Error Number One is sustained. Judgment of the trial court is reversed and the cause is dismissed for want of jurisdiction.

FULLER, Justice, concurring.

On February 1, 1989, the Appellants filed their Original Answer in which the City clearly stated that Appellees had not exhausted their administrative remedies because they had failed to pursue the acquisition of a variance or special exception from the Zoning Board of Adjustment for the City of El Paso. Further, such failure to exhaust their administrative remedies precluded Madero from seeking relief for a "taking" of property in the district court under Article I, § 17 of the Texas Constitution.

At the hearing on its Motion for Summary Judgment, the City clearly stated to the trial judge:

> MR. CAYLOR: May it please the Court, the legal issue which is being brought to the Court this morning can be expressed in one word, *"ripeness."* The City's position with respect to that legal issue can be expressed in one sentence, and that is, that *this case is not ripe to be presented to this Court* because the City has never taken any final action under the ordinance which is being challenged by the Plaintiffs today.

On the Motion for Directed Verdict filed at close of Madero's case-in-chief, Appellants again clearly pointed out the contention of want or lack of jurisdiction of the trial court to proceed based on lack of ripeness of the controversy.

I agree that the trial court erred in proceeding to trial and entering judgment because the matter of "taking" simply was not "ripe" for judicial determination.

OSBORN, Chief Justice, concurring and dissenting.

I concur in part and respectfully dissent in part.

There can be no question that the ripeness doctrine, when properly raised, will prohibit the trial of issues such as are raised in this case. I concur with the majority opinion that there can be no trial on the merits where an administrative decision is not final and the case in effect is not ripe for trial of the issues in dispute.

My dissent concerns when and how that issue must be raised. In this case, there was nothing pending before any administrative board or commission at the time this case was tried. There was a procedure whereby a request could be made for a variance or change in administrative zoning orders. Any change in prior zoning provisions would necessarily change the use which could be made of the land in question. At the time of trial, the Appellees did not have pending any request for a variance. The Appellants in their answer alleged that the Appellees had not exhausted its administrative remedies. It did not file a plea in abatement which if granted would have avoided a trial at a time when it was contended the case was not ripe for trial on the merits.

The issue was raised again in a Motion for Summary Judgment. This is not an

appeal from the granting of such a motion, and the issues raised in a summary judgment hearing may not be raised again after a trial on the merits based upon the summary judgment order. *Ackermann v. Vordenbaum*, 403 S.W.2d 362 (Tex.1966); *Note, Appeal and Error: Reviewability of Order Denying Motion for Summary Judgment After Trial on Merits*, 16 Okla. L.Rev. 335 (1963).

The ripeness doctrine was again raised in a Motion for Directed Verdict filed at the close of the Plaintiffs' case. The motion was overruled and another motion was not presented at the close of all the evidence. This resulted in the issues raised by the motion being waived for appellate review unless raised in some other manner. On this issue, the cases are legion. *Jacobini v. Hall*, 719 S.W.2d 396 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.); *Shindler v. Marr & Associates*, 695 S.W.2d 699 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Montgomery Ward & Company v. Garza*, 660 S.W.2d 619 (Tex.App.—Corpus Christi 1983, no writ); *Texas Steel Company v. Douglas*, 533 S.W.2d 111 (Tex.Civ. App.—Fort Worth 1976, writ ref'd. n.r.e.); *Horizon Properties Corporation v. Martinez*, 513 S.W.2d 264 (Tex.Civ.App.—El Paso 1974, writ ref'd n.r.e.); 3 R. McDonald, Texas Civil Practice § 11.26 (1983).

If the ripeness doctrine is a jurisdictional issue, then this Court should not rely upon a Motion for Instructed Verdict or Motion for Summary Judgment as the basis for the issue having been raised. We should, sua sponte, determine that the court is without jurisdiction and dismiss the case. *Southwestern Bell Telephone Company v. City of Kountze*, 543 S.W.2d 871 (Tex.Civ. App.—Beaumont 1976, no writ). That apparently is what the court has done without saying so.

I conclude, admittedly without a great deal of supporting authority, that the ripeness doctrine is not jurisdictional and is an issue that must be properly raised in the trial court or it is waived. In *MacDonald, Sommer & Frates v. County of Yolo*, 477 U.S. 340, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986), the issue was raised in the trial court by a demurrer to the complaint. We have abolished the demurrer in Texas. I concluded that the issue should have been raised by a plea in abatement, and absent some procedure which properly raised the issue in the trial court, the ripeness doctrine was waived and should not be the basis for a reversal, sua sponte, after the case has been tried on the merits. Therefore, I dissent.