ACCEPTED
01-15-00989-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/10/2015 2:39:00 PM
CHRISTOPHER PRINE
CLERK

## No. 01-15-00989-CV

_____

## In the First Court of Appeals, Houston, Texas

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/10/2015 2:39:00 PM

CHRISTOPHER A. PRINE
Clerk

ARNOLD & ITKIN, L.L.P., BECK REDDEN LLP, ALBRITTON LAW FIRM, KURT ARNOLD, CORY ITKIN, JASON ITKIN, RUSSELL POST, FIELDS ALEXANDER, JAS BRAR AND ERIC ALBRITTON,

*Petitioners,*

v.

MARIA SANTOS LOPEZ DOMINGUEZ, INDIVIDUALLY AND AS NEXT FRIEND OF KAREN MARIEN ANDRADE LOPEZ, ET AL.,

*Respondents.*

_____

From the 11th Judicial District, Harris County, Texas; No. 2015-28543

_____

# REPLY IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL INTERLOCUTORY ORDER AND RESPONSE TO MOTION TO DISMISS

_____

Reagan W. Simpson
State Bar No. 18404700
rsimpson@yettercoleman.com
YETTER COLEMAN LLP
909 Fannin, Suite 3600
Houston, Texas 77010
Tel. 713-632-8000
Fax 713-632-8002
**Counsel for Petitioners
Beck Redden LLP,
Russell Post, Fields
Alexander and Jas Bra**r

Jeremy L. Doyle
State Bar No. 24012553
jdoyle@reynoldsfrizzell.com
Reynolds Frizzell LLP
1100 Louisiana, Suite 3500
Houston, Texas 77002
Tel. 713-485-7200
Fax 713-488-7250
**Counsel for Petitioners
Arnold & Itkin, L.L.P.,
Kurt Arnold, Cory Itkin,
and Jason Itkin**

Billy Shepherd
State Bar No. 18219700
bshpeherd@spmlegal.com
Shepherd Prewett Miller
PLLC
770 South Post Oak Lane
Suite 420
Houston, Texas 77056
Tel. 713-955-4440
Fax +1 713-766-6542
**Counsel for Petitioners
Albritton Law Firm and
Eric Albritton**

(Additional Counsel for Petitioners on Following Page)

**Additional Counsel for Petitioners**

James Schuelke
State Bar No. 24075037
jschuelke@reynoldsfrizzell.com
Reynolds Frizzell LLP
1100 Louisiana, Suite 3500
Houston, Texas 77002
Tel. 713-485-7200
Fax 713-488-7250
**Counsel for Petitioners Arnold & Itkin, L.L.P., Kurt Arnold, Cory Itkin and Jason Itkin**

Allison Standish Miller
State Bar No. 24046440
amiller@spmlegal.com
Shepherd Prewett Miller PLLC
770 South Post Oak Lane
Suite 420
Houston, Texas 77056
Tel. 713-955-4440
Fax +1 713-766-6542
**Counsel for Petitioners Albritton Law Firm and Eric Albritton**

Sam Houston
State Bar No. 10059550
shouston@sschlaw.com
Scott, Clawater & Houston L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019-2133
Tel. 713-650-6600
Fax 713-766-6542
**Counsel for Petitioners Arnold & Itkin, L.L.P., Kurt Arnold, Cory Itkin and Jason Itkin**

John Black
State Bar No. 24012292
jblack@dalyblack.com
Daly & Black, P.C.
2211 Norfolk, Suite 800
Houston, Texas 77008
Tel. 888-492-2671
Fax 713-655-1587
**Counsel for Petitioners Arnold & Itkin, L.L.P., Kurt Arnold, Cory Itkin and Jason Itkin**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES.......................................................................................... 4

INTRODUCTION...................................................................................................... 6

ARGUMENT ............................................................................................................ 7

I.     THIS SUIT IS NOT RIPE FOR ADJUDICATION. .................................................. 7

II.    THE APPEAL INVOLVES A CONTROLLING LEGAL ISSUE.................................. 9

     A.    The trial court correctly identified ripeness as the controlling issue that it had decided. ................................................................. 9

     B.    Ripeness is a controlling issue. ........................................................ 11

III.   A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION EXISTS.................... 12

IV.   IMMEDIATE APPEAL WILL EXPEDITE THE CONCLUSION OF THE LITIGATION. .............................................................................................................. 13

CONCLUSION AND PRAYER ................................................................................... 15

CERTIFICATE OF COMPLIANCE UNDER APPELLATE RULE 9.4 ................................. 18

CERTIFICATE OF SERVICE...................................................................................... 19

INDEX OF AUTHORITIES

PAGE(S)

CASES

*Alexander v. Turtur & Assocs.*,
    146 S.W.3d 113 (Tex. 2004) ........................................................................ 11

*City of El Paso v. Madero Dev. & Constr. Co.*,
    803 S.W.2d 396 (Tex. App.—El Paso 1991, writ denied) ............................13

*Fertitta Hospitality, LLC v. O'Balle*,
    No. 01-14-00193-CV, 2014 WL 5780329
    (Tex. App. —Houston [1st Dist.] Nov. 6, 2014, no pet.) ....................... 11, 12

*Gulf Coast Asphalt Co. v. Lloyd*,
    457 S.W.3d 539 (Tex. App.—Houston [14th Dist.] 2015, no pet.) .............12

*Gulley v. State Farm Lloyds*,
    350 S.W.3d 204 (Tex. App.—San Antonio 2011, no pet.) .........................10

*King-A Corp. v. Wehling*,
    No. 13-13-00100-CV, 2013 WL 1092209
    (Tex. App.—Corpus Christi Mar. 14, 2013, no pet.) ...................................11

*Mayhew v. Town of Sunnyvale*,
    964 S.W.2d 922 (Tex. 1998) ................................................................. 11, 13

*Patterson v. Planned Parenthood of Houston & Se. Texas, Inc.*,
    971 S.W.2d 439 (Tex. 1998) ................................................... 8, 13, 14, 15

*Rothrock v. Akin, Gump, Hauer & Feld*,
    No. 05-92-02332-CV, 1994 WL 183318
    (Tex. App.—Dallas May 11, 1994, no writ) ............................................... 14

*Stier v. Reading & Bates Corp.*,
    992 S.W.2d 423 (Tex. 1999) ........................................................................8

*Vasquez v. Bridgestone/Firestone, Inc.*,
    325 F.3d 665 (5th Cir. 2003) ........................................................................7

*Vestalia, Ltd. v. Taylor-Watson*,
    No. 01-15-00332-CV, 2015 WL 3799505
    (Tex. App—Houston [1st Dist.] June 18, 2015, no pet.) .............................10

*Waco Indep. Sch. Dist. v. Gibson*,
    22 S.W.3d 849 (Tex. 2000) ..........................................................................8

*Warren v. Weiner*,
01-15-00432-CV, 2015 WL 4627404
(Tex. App.—Houston [1st Dist.] Aug. 4, 2015, no pet.) ........................ 10, 15

**STATUTES & RULES**

46 U.S.C. app. §688(b) ............................................................................... 8

Tex. Civ. Prac. & Rem. Code §51.014 ....................................................... 9

Tex. R. App. P. 28.3 .................................................................................. 18

Tex. R. Civ. P. 168 ..................................................................................... 9

**OTHER AUTHORITY**

Renée Forinash McElhaney,
*Toward Permissive Appeal in Texas,* 29 St. Mary's L.J. 729 (1998) ........... 12

## INTRODUCTION

Three U.S. federal judges have ordered the Clients to pursue their claims in Mexican courts, while allowing them to return to U.S. courts if they cannot maintain their claims in Mexico. The Clients have instead chosen to bring a malpractice claim against their attorneys, premised on speculation about how the foreign and federal courts would have ruled had they proceeded with their claims.

The trial court in this case issued an interlocutory order denying defendants' pleas to the jurisdiction and for abatement on the ground that the claims in this case are ripe. That order threatens to erode the ripeness requirement, standing for the proposition that litigants can sue their lawyers when they are dissatisfied with the progress of their cases before any final resolution. The result will be the prosecution of a speculative malpractice claim that can lead only to a void advisory determination at great cost to the parties and the judicial system. Heightening the impropriety are issues of international comity.

Ripeness is a threshold legal issue, protecting courts and parties from the burden of litigating a premature suit. An immediate appeal from the interlocutory order will materially advance the ultimate termination of this litigation. The Clients' maneuvers to bypass the judicial process following an adverse forum ruling have important ramifications for ripeness, malpractice, federalism, and

comity jurisprudence. Therefore, the petition for permission to appeal should be granted.

## ARGUMENT

### I.     This Suit Is Not Ripe For Adjudication.

The Clients' response largely ignores the core ripeness issue. Straining to cast the issue presented as anything but a threshold legal question, the Clients avoid discussing the impropriety of bringing a malpractice claim following a *forum non conveniens* ruling in a case that has not been finally resolved.

Three separate federal judges found that conditional dismissal in favor of a Mexican forum was warranted. (Pet. Tabs 3, 5, 6, 7). Because of the return jurisdiction clause in the second dismissal, the Clients can seek reinstatement in U.S. federal court should the Mexican courts refuse to exercise jurisdiction. (Pet. Tab 6 at 2, Tab 7 at 15). "A return jurisdiction clause remedies" concerns about forum availability "by permitting parties to return to the dismissing court should the lawsuit become impossible in the foreign forum." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 675 (5th Cir. 2003).

The Clients nevertheless abandoned the underlying litigation midstream. If their malpractice suit continues, the state court will have to lay conjecture upon conjecture to reach an advisory opinion.

"At the time a lawsuit is filed, ripeness asks whether the facts have developed sufficiently so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Patterson v. Planned Parenthood of Houston & Se. Texas, Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). "By focusing on whether the plaintiff has a concrete injury, the ripeness doctrine allows courts to avoid premature adjudication, and serves the constitutional interests in prohibiting advisory opinions." *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000).

The Clients have not, and may never, experience a legal injury. They complain that they have lost the opportunity to litigate in U.S. federal court. (Resp. at 18). But if their claims are barred in Mexico as they argue,[1] they can return to U.S. federal court. Likewise, the Clients complain that the Lawyers' conduct cost them their Jones Act claims, but the Jones Act claims were dismissed without prejudice. *See* Pet. Tab 4.[2] Without any final rulings in the underlying suit, the

_____

[1] Among other allegations, the Clients contend at page 9 of their Third Amended Petition (Pet. Tab 2) that the defendants' waiver of limitations in the underlying case is invalid in Mexico and that the plaintiffs' choice of a U.S. forum precludes jurisdiction in Mexican courts.

[2] The Jones Act precludes citizens of other countries injured in waters outside the United States from bringing a Jones Act claim unless there is absolutely "no remedy" afforded by the country where they reside or where the accident happened. 46 U.S.C. app. §688(b); *see Stier v. Reading & Bates Corp.*, 992 S.W.2d 423, 431-32 (Tex. 1999) (detailing the history and purpose of this provision). While the Clients imply at pages 3-4 of their Response that the Jones Act standard is akin to the *forum non conveniens* standard of available remedy, they do not go as far as to argue that Mexico affords absolutely no remedy to its citizens when they are injured in Mexico by the negligence of others. And as to Texas state law claims mentioned at page 3 of the Response, the preemption of any such claims by the Jones Act is settled law. *See id*.

Clients' malpractice claims are premature, and adjudicating them would contradict the ripeness doctrine and, on the facts of this case, offend notions of international comity and federalism.

## II.     The Appeal Involves A Controlling Legal Issue.

Although the trial court was incorrect in ruling that this case is ripe for adjudication, it was correct in identifying ripeness as a controlling issue. Further, ripeness falls within the type of issues that are proper for permissive appeals.

### A.     The trial court correctly identified ripeness as the controlling issue that it had decided.

The trial court's interlocutory order permits appeal on a threshold legal question:

> As required by section 51.014(d) of the Texas Civil Practice & Remedies Code and Texas Rule of Civil Procedure 168, the Court identifies the following issue of law as the subject of the permitted interlocutory appeal: Whether this case, as pleaded by plaintiffs, is ripe for adjudication.

(Pet. Tab 1 at 2). Notwithstanding any statements the trial court may have made during a preliminary hearing, the key is this: the trial court issued an order denying a plea to the jurisdiction because of the court's decision that the case is ripe for adjudication and then allowed an interlocutory appeal on the controlling ripeness issue. (Pet. Tab 1). Leaving no doubt, the interlocutory order expressly stated that the malpractice case was ripe: "The Pleas in Abatement and Pleas to the

9

Jurisdiction . . . are hereby denied because the Court has decided that the claims for malpractice in this case are ripe for adjudication." (Pet. Tab 1 at 2).

Wholly distinguishable are cases cited by the Clients—cases in which the trial court declined to decide the controlling legal issues in a summary judgment ruling. For example, in *Vestalia, Ltd. v. Taylor-Watson*, No. 01-15-00332-CV, 2015 WL 3799505, at *1 (Tex. App.—Houston [1st Dist.] June 18, 2015, no pet.), a blanket summary judgment denial, with no explanation, gave no indication of the trial court's stance on the four questions presented on appeal. *Id.* Likewise, in *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207 (Tex. App.—San Antonio 2011, no pet.), the trial court denied competing summary judgment motions and declined to determine the proper interpretation of an insurance policy's endorsements, despite identifying the controlling legal question as which one of two possible interpretations was correct. The Clients also cite *Warren v. Weiner*, 01-15-00432-CV, 2015 WL 4627404, at *1 (Tex. App.—Houston [1st Dist.] Aug. 4, 2015, no pet.), but that opinion does not even describe, let alone critique, the interlocutory order.

Unlike the judges in the cases cited by the Clients, the trial court here expressly found the Clients' malpractice claim to be ripe for adjudication and then identified ripeness as a controlling issue.

**B.      Ripeness is a controlling issue.**

"Ripeness is an element of subject matter jurisdiction" and "is a legal question subject to de novo review." *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). According to the Clients, "a controlling question of law is one that deeply affects the ongoing process of litigation." (Resp. at 12). Here, the ripeness question determines whether the malpractice suit can proceed, which is indeed a "deep effect."

Attempting to cast ripeness as a fact question, the Clients list potential disputed fact issues that might arise in a hypothetical trial. *See* Resp. at 14. Whether their claims are barred in Mexican courts is hardly a fact issue, as the Clients contend (*id.*); it is a legal issue, which should be decided by a Mexican court as directed by three U.S. federal court orders. They even try to convert ripeness into a factual question on mitigation of damages. *Id.*

Further, the Clients cite inapposite cases. For example, they cite *Alexander v. Turtur & Associates*, 146 S.W.3d 113 (Tex. 2004), apparently contending that the typical trial-within-a-trial in a legal malpractice case means that it is permissible to try an ongoing and unfinished case within their malpractice case. Similarly, they cite summary judgment cases laden with contested facts. *See, e.g.*, *King-A Corp. v. Wehling*, No. 13-13-00100-CV, 2013 WL 1092209, at *3 (Tex. App.—Corpus Christi Mar. 14, 2013, no pet.); *Fertitta Hospitality, LLC v.*

11

*O'Balle*, No. 01-14-00193-CV, 2014 WL 5780329, at \*4 (Tex. App.—Houston [1st Dist.] Nov. 6, 2014, no pet.).

But the unmistakable and distinguishing fact here is that the Clients are asserting a claim about harm that has not and may not ever occur. The fundamental legal question at issue is whether the case, as pleaded by the Clients, is ripe for adjudication in the first place.

## III. A Substantial Ground For Difference of Opinion Exists.

Without citing a case on point, the Clients contend that whether the claims are ripe for adjudication is not a legal question that poses substantial grounds for disagreement. "Substantial grounds for disagreement exist when the question presented to the court is novel or difficult, when controlling circuit law is doubtful, when controlling circuit law is in disagreement with other courts of appeals, and when there simply is little authority upon which the district court can rely." *Gulf Coast Asphalt Co. v. Lloyd*, 457 S.W.3d 539, 544-45 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (quoting Renée Forinash McElhaney, *Toward Permissive Appeal in Texas,* 29 St. Mary's L.J. 729, 747–49 (1998)).

No Texas court has addressed whether a plaintiff ordered on *forum non conveniens* grounds to refile in a foreign court, with the option of returning to federal court to seek reinstatement, can instead bring a malpractice case prefaced on speculation about how the foreign and federal courts would have hypothetically

ruled. Yet this is precisely what "this case, as pleaded by plaintiffs," (Tab 1 at 2), seeks to do. Any trial court ruling would be nonbinding and would upset international comity and federalism principles. The trial court's ripeness determination represents a vast expansion of malpractice law, enabling litigants to short-circuit the judicial process by paying experts to stand in the place of judges and court proceedings.

## IV. Immediate Appeal Will Expedite The Conclusion Of The Litigation.

Resolution of the ripeness question will materially advance the ultimate termination of the litigation. If the case is not ripe, the lawsuit cannot proceed, and any result would amount to an impermissible advisory opinion.

The ripeness "doctrine has a pragmatic, prudential aspect that is directed toward" judicial efficiency. *Patterson*, 971 S.W.2d at 443. The doctrine "conserves judicial time and resources for real and current controversies, rather than abstract, hypothetical, or remote disputes." *Mayhew*, 964 S.W.2d at 928. "[A]voiding premature litigation prevents courts from 'entangling themselves in abstract disagreements.'" *Patterson*, 971 S.W.2d at 443 (quoting *City of El Paso v. Madero Dev. & Constr. Co.,* 803 S.W.2d 396, 398–99 (Tex. App.—El Paso 1991, writ denied)). Here, the trial court would be making nonbinding interpretations of how Mexican and Texas federal courts would rule on unique jurisdictional and procedural matters.

The Clients suggest that a finding that the case is not ripe will protract the litigation process because they will be forced to litigate their underlying claims. Clients' argument underscores the fallacy of their position: malpractice claims are not a stand-in for judicial resolution of underlying disputes. Judicial economy in the trial court would be squandered on a premature case. There has been no final resolution of the Clients' underlying claims, nor have the Clients been barred from Texas federal courts. The Clients' purported injury has not and may never occur. *See Rothrock v. Akin, Gump, Hauer & Feld*, No. 05-92-02332-CV, 1994 WL 183318, at *7 (Tex. App.—Dallas May 11, 1994, no writ) ("Where the misfeasance or nonfeasance is intertwined with an adjudicative process that is necessary to complete invasion of the protected interest, injury is not suffered until an adjudicative decision is made.").

The malpractice litigation cannot continue if this Court finds the case to be unripe. But in the absence of an appeal, the parties and trial court will expend resources on a premature case premised on contingent and hypothetical facts. Any damages model would be speculative and unreliable. And the trial court ruling would ultimately be void as an advisory opinion beyond the subject matter jurisdiction of Texas courts. *See Patterson*, 971 S.W.2d at 443 (the prohibition on advisory opinions "extends to cases that are not yet ripe"). "Refraining from

14

issuing advisory opinions and waiting for cases' timely factual development is . . . essential to the proper development of the state's jurisprudence." *Id.*

Further, despite the Clients' suggestion, no Texas rule bars consideration of a permissive appeal when a mandamus petition is pending. In attempting to create such a prohibition, the Clients cite *Warren*, 2015 WL 4627404, at *1. But that one-paragraph opinion found that the petition for permissive appeal failed to "establish that the order involves a controlling question of law as to which there is a substantial ground for a difference of opinion." *Id.*

## CONCLUSION AND PRAYER

For the reasons stated above, this Court should grant the petition for interlocutory appeal, deny the Clients' motion to dismiss, and grant the Lawyers all other relief to which they are entitled.

15

**Respectfully submitted by**
**Counsel for Petitioners:**

/s/ Reagan W. Simpson
Reagan W. Simpson
State Bar No. 18404700
rsimpson@yettercoleman.com
YETTER COLEMAN LLP
909 Fannin, Suite 3600
Houston, Texas 77010
Tel. 713-632-8000
Fax 713-632-8002
**Counsel for Petitioners**
**Beck Redden LLP, Russell Post,**
**Fields Alexander and Jas Brar**

| | |
|---|---|
| /s/Jeremy L. Doyle | /s/Billy Shepherd |
| Jeremy L. Doyle | Billy Shepherd |
| State Bar No. 24012553 | State Bar No. 18219700 |
| jdoyle@reynoldsfrizzell.com | bshpeherd@spmlegal.com |
| James Schuelke | Allison Standish Miller |
| State Bar No. 24075037 | State Bar No. 24046440 |
| jschuelke@reynoldsfrizzell.com | amiller@spmlegal.com |
| REYNOLDS FRIZZELL LLP | SHEPHERD PREWETT MILLER |
| 1100 Louisiana, Suite 3500 | PLLC |
| Houston, Texas 77002 | 770 South Post Oak Lane |
| Tel. 713-485-7200 | Suite 420 |
| Fax 713-488-7250 | Houston, Texas 77056 |
| **Counsel for Petitioners Arnold &** | Tel. 713-955-4440 |
| **Itkin, L.L.P., Kurt Arnold, Cory Itkin** | Fax +1 713-766-6542 |
| **and Jason Itkin** | **Counsel for Petitioners** |
| | **Albritton Law Firm and Eric** |
| | **Albritton** |

/s/Sam Houston

Sam Houston

State Bar No.10059550

shouston@sschlaw.com

SCOTT, CLAWATER & HOUSTON L.L.P.

2777 Allen Parkway, 7th Floor

Houston, Texas 77019-2133

Tel. 713-650-6600

Fax 713-766-6542

**Counsel for Petitioners Arnold & Itkin, L.L.P., Kurt Arnold, Cory Itkin and Jason Itkin**

/s/John Black

John Black

State Bar No. 24012292

jblack@dalyblack.com

DALY & BLACK, P.C.

2211 Norfolk, Suite 800

Houston, Texas 77008

Tel. 888-492-2671

Fax 713-655-1587

**Counsel for Petitioners Arnold & Itkin, L.L.P., Kurt Arnold, Cory Itkin and Jason Itkin**

**CERTIFICATE OF COMPLIANCE UNDER APPELLATE RULE 9.4**

I certify that this brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i)(2)(E), incorporated by Texas Rule of Appellate Procedure 28.3(g), because it contains 2,286 words, excluding the parts of the briefs exempted by Texas Rule of Appellate Procedure 9.4(i)(2)(E).

/s/ Reagan W. Simspon
Reagan W. Simpson

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Appellate Procedure 9.5(e), I hereby certify that a true and correct copy of this brief has been served on lead counsel and additional counsel for respondents by electronic means and/or via e-mail on December 10, 2015, as follows:

Lance Christopher Kassab
David Eric Kassab
The Kassab Law Firm
1420 Alabama
Houston, Texas 77004
lck@texaslegalmalpractice.com
dek@texasleglamalpractice.com
**Counsel for Plaintiffs-Respondents**

Brett Wagner
Larry Joe Doherty
Ryan W. Smith
Doherty ✶ Wagner
13810 Champion Forest Drive
Suite 225
Houston, Texas 77069
brett@dwlawyers.com
larry@dwlawyers.com
ryan@dwlawyers.com
**Counsel for Plaintiffs-Respondents**


/s/ Reagan W. Simspon
Reagan W. Simpson