W. P. FRENCH, Individually, and d/b/a W. P. French Painting and Contracting, Petitioner,

v.

Homer BROWN, Respondent.

No. B–289.

Supreme Court of Texas.

Dec. 13, 1967.

Dunlap & Zimmerman, Warren E. Zimmerman, Amarillo, for petitioner.

Jerry R. Hollingsworth, Amarillo, for respondent.

STEAKLEY, Justice.

Petitioner sued Respondent for the reasonable value of labor and materials allegedly furnished Respondent under a contract to paint a house. Respondent was served with citation and duly filed an answer in the form of an unsworn general denial. Thereafter Petitioner filed a motion for summary judgment which was set for hearing by order of the court. The parties stipulated that notice of the motion for summary judgment and of the hearing thereon was "duly and regularly mailed, but that the notice was not received." The court granted Petitioner's motion for summary judgment on the date set for hearing. Neither Respondent nor his counsel was present, but within ten days Respondent filed a motion for new trial asserting defenses against Petitioner's suit and that neither Respondent nor his attorney of record had notice of the filing of Petitioner's motion for summary judgment or of the date the motion was set for hearing. The motion for new trial was subsequently overruled by operation of law. Respondent did not perfect an appeal and the judgment became final. Respondent thereafter filed a bill of review attacking the judgment in which he again urged the matters previously asserted in his motion for new trial. The petition for bill of review was silent with respect to Respondent's failure to prosecute an appeal from the judgment upon the overruling of his timely motion for a new trial. The trial court after hearing without a jury denied the relief from which action this appeal was taken. The court of civil appeals was of the view that the trial court was without jurisdiction to enter the judgment because Respondent was not served with the summary judgment motion as required by Rule 166–A, Texas Rules of Civil Procedure, for which reason the judgment was void. The judgment was

accordingly reversed and the cause remanded to the trial court. Tex.Civ.App., 413 S.W.2d 924.

Rule 166–A of the Texas Rules of Civil Procedure provides that a motion for summary judgment shall be served at least ten days before the time specified for the hearing. The purport of the stipulation of the parties in this case is that such did not occur. The problem, then, is twofold, namely, whether the failure of the procedural requirement of service of the summary judgment motion deprived the trial court of jurisdiction to grant the motion for summary judgment and hence rendered its judgment void, as held by the court of civil appeals; and, if not, whether the allegations of Respondent's petition for bill of review attacking the judgment were sufficient to entitle Respondent to the relief sought under the established requirements for relief by bill of review. We hold that the judgment was not void and that there was not sufficient cause for granting the bill of review.

Petitioner's suit invoked the jurisdiction of the court, and Respondent duly answered after being served with citation. Thereupon, the trial court had jurisdiction of the subject matter and of the parties; indeed, Respondent does not claim otherwise. The procedural failure with respect to service of the motion for summary judgment did not have the effect of ousting or terminating the jurisdiction of the trial court; at the most, such rendered the summary judgment erroneous, corrective either by the trial court in response to Respondent's timely filed motion for new trial, or, upon its overruling, by the appellate courts on appeal. It was held by this court in Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876, 1. c. 877 (1895):

"Where a court of general jurisdiction, in the exercise of its ordinary judicial functions, renders a judgment in a cause in which it has jurisdiction over the person of the defendant and the subject-matter of the controversy, such

judgment is never void, no matter how erroneous it may appear, from the face of the record or otherwise, to be. * * *"

More recently we have said that a judgment is not void, although it may be erroneous, if the court had jurisdiction of the parties and the subject matter and the power to render the particular judgment. Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428; Ex parte Tyler, 152 Tex. 602, 261 S.W.2d 833 (1953); Heard v. State, 146 Tex. 139, 204 S.W.2d 344 (1947).

■ A bill of review is an equitable proceeding designed to prevent manifest injustice. The relief afforded thereby must be for sufficient cause under Rule 329b (5) of the Texas Rules of Civil Procedure. In Hanks v. Rosser, 378 S.W.2d 31, 1. c. 34 (Tex.Sup.1964), we restated the rule "that before a litigant can successfully set aside a final judgment, he must allege and prove, within the time allowed, (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence on his own part." In Lynn v. Hanna, 116 Tex. 652, 296 S.W. 280, 1. c. 281, this court said: " * * * [A]n appeal from the judgment was available to her. Having neglected to avail herself of this legal remedy, she is not entitled to resort to a court of equity for relief against the judgment." See also the statement of the rule with supporting cases in 34 Tex.Jur.2d Judgments, § 198, p. 36 and § 230, p. 101, and 4 McDonald, Texas Civil Practice, § 18:27.

■ So there is insufficient cause here for relief by bill of review. Respondent permitted the judgment to become final by his failure to invoke the right of appeal. No reason is advanced in his petition for bill of review for the fact that he did not seek correction of the asserted error of the trial court by the appeal remedy. There is no allegation that he was prevented from doing so by fraud, accident or wrongful act of petitioner. There was no showing of diligence. In an analogous context, we said in McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, 1. c. 710 (1961), that a defendant who negligently suffers a default judgment to be rendered against him by a court having the jurisdictional power to render it, or negligently permits it to become final, should not be heard to say that the judgment is void. Here, as we have held, the trial court had jurisdictional power to render the summary judgment. Respondent obviously had prompt notice of this action since his motion for a new trial was filed within ten days. He has not made the requisite showing for relief by bill of review.

In view of the foregoing, we do not reach the question of whether Respondent alleged and proved a meritorious defense to the cause of action supporting the judgment of the trial court. The points of error not considered by the court of civil appeals were directed to this problem.

The judgment of the court of civil appeals is reversed and that of the trial court is affirmed.

## CONCURRING OPINION

SMITH, Justice.

I concur in the result. The trial court rendered judgment for the plaintiff in the original case on October 19, 1965. Eight days later defendant Brown filed a motion for new trial. His motion was grounded upon his failure to receive notice of the plaintiff's motion for summary judgment. Defendant did not present his motion for new trial and it was overruled by operation of law. Defendant then on December 28 gave notice of appeal, but he did not timely perfect his appeal. On April 11, 1966, defendant filed this petition for an equitable bill of review, but does not state any reason for his failure to urge his motion for new

**896** ■ ■

trial or perfect his appeal. These facts defeat Brown's right to an equitable bill of review, for the reason stated in Duncan v. Smith Bros. Grain Co., 113 Tex. 555, 260 S.W. 1027 (1924):

"Appellant failed to show that he was prevented from making his defense at the proper time without fault on his part. This was essential to the relief here sought. He knew this judgment was rendered in time to have applied for a new trial before the close of the term and has shown no excuse why this was not done. Coffee v. Ball, 49 Tex. 16, 25; Hamblin v. Knight, 81 Tex. 351, 355, 16 S.W. 1082, 26 Am.St.Rep. 818."

The same principle is stated in 4 McDonald, Texas Civil Practice, § 18:27, where the elements of a bill of review are stated. One of those elements is:

"That the complainant exercised due diligence to avail himself of all adequate legal remedies against the former judgment, and that at the time he files the bill of review there remains no such adequate legal remedy still available. A bill of review is not a mere alternative of review on motion for new trial or upon appeal, and it may therefore be successfully urged only when there remains no other method of assailing the judgment. A person is charged with knowledge of all facts which he could have discovered by due diligence, and one who claims ignorance of an adverse judgment for a period of time after its rendition must justify his lack of knowledge. From the date he learns of the decree, or by the exercise of due diligence would have learned of it, the complainant must seize upon all legal remedies still available, including motion for new trial, appeal, or writ of error. * * *."

Since the failure of Brown to perfect his appeal defeats his right to an equitable bill of review, why enter into a lengthy discussion as to the nature of a bill of review, etc?