The UNITED STATES of America, on Behalf of The DEPARTMENT OF HEALTH AND HUMAN SERVICES, Appellant,

v.

MEDI–RENTS, INC., Appellee.

No. 01–85–800–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 29, 1986.

Rehearing Denied Aug. 21, 1986.

Henry K. Oncken, U.S. Atty., Nancy K. Pecht, James R. Gough, C.J. (Neil) Calnan, Asst. U.S. Attys., Houston, W. Emmitt Roberts, Asst. Regional Atty., Dept. of Health & Human Resources, Dallas, for appellant.

James J. Hippard, Sr., Donald D. De-Grasse, Sullins, Johnston, Rohrbach & Magers, Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a summary judgment denying the appellant's petition for a bill of review.

The appellee, Medi-Rents, Inc., after receiving assignments of insurance benefits from patients, filed suit against Group Hospital Services, Inc. and Group Medical and Surgical Services, Inc. for reimbursement for services it had rendered and/or equipment it had leased to their insureds. Both companies failed to answer and on March 26, 1984, the court entered a default judgment against them in the amount of $54,230, plus interest and attorney's fees.

Although the United States of America was not a party to the original suit, on April 24, 1984, it filed a motion to set aside the default judgment and requested a new trial. In its motion, the appellant stated that the insurance companies were acting as agents for the Secretary of the United States Department of Health and Human Services pursuant to their contractual obligations to administer the Medicare program. They alleged that the Secretary of the Department of Health and Human Services was the real party in interest, and that the United States would be liable for any judgment rendered in the suit.

The appellant argues that on July 9, 1984, the trial court erroneously ruled that it no longer had jurisdiction to rule on its motion to set aside the judgment. We find nothing in the record to support this allegation. The record also fails to reflect that the court ruled on the appellant's motion. Therefore, the appellant's motion was overruled by operation of law. *See* Tex.R. Civ.P. 329b. The appellant did not appeal the default judgment but instead has chosen to attack the judgment in its present petition for a bill of review.

The appellant, in five points of error, alleges that the trial court lacked subject matter jurisdiction; that its decision violated the federal supremacy doctrine and the preemption doctrine and renders the default judgment void; that the Federal Rules of Civil Procedure prohibit default judgments against the United States, and that the appellant has satisfied the necessary requirements to pursue a bill of review cause of action.

The appellant's first four points of error assume that this is a Medicare claim and that the judgment was rendered against the United States of America. We have searched the record carefully and found nothing in the appellee's pleadings or in the default judgment rendered by the trial court that indicates that this is a Medicare claim; that the United States was a party to the action; or that the judgment was rendered against the United States.

The original suit filed by the appellee against the two defendant companies was a sworn account for services rendered. The appellant does not contend that the trial court lacked jurisdiction over sworn account causes of action but asserts that, because this is a Medicare claim, the trial

court lacked jurisdiction and federal law should prevail.

 A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex.1979). It is designed to prevent a manifest injustice, and relief afforded thereby must be for sufficient cause under rule 329b(f) of the Texas Rules of Civil Procedure. *French v. Brown,* 424 S.W.2d 893, 895 (Tex.1967). For a litigant to successfully set aside a final judgment by a bill of review, it must allege and prove, within the time allowed, (1) a meritorious defense to the cause of action alleged to support the judgment; (2) which it was prevented from making by the fraud, accident, or wrongful act of the opposite party; (3) unmixed with any fault or negligence of its own. *Baker v. Goldsmith,* 582 S.W.2d at 404, 406.

■ Applying the above rules to the facts set forth by the appellant in its bill of review, we conclude that it cannot prevail. The appellant has not alleged that it was prevented from setting aside the final judgment by fraud, accident, or a wrongful act of the appellee. Further, it has not shown that the judgment was entered without fault or negligence on its own part. In fact, the evidence is to the contrary.

The record reflects that although the appellant filed a motion to be substituted as the real party in interest, such motion was never presented to the court for a ruling, and as a result, the appellant never became a party to the cause of action. The record further reflects that, although the appellant filed a motion to set aside the default judgment and requested a new trial, the appellant's motion was overruled by operation of law, and it did not appeal the default judgment. Thus, it has failed in two respects to entitle itself to relief through a bill of review. Furthermore, having neglected to avail itself of the legal remedies provided by law, the appellant is not entitled to resort to a court of equity for relief against the judgment. *See French v. Brown,* 424 S.W.2d at 895.

Because there is insufficient cause to grant the appellant relief through a bill of review, we do not reach the question of whether the appellant alleged and proved a meritorious defense to the cause of action supporting the judgment of the trial court.

The judgment of the trial court is affirmed.