Noah Kenneth Dodd v. City of Beverly Hills














IN THE
TENTH COURT OF APPEALS
 

No. 10-00-403-CV

Â Â Â Â Â NOAH KENNETH DODD,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â CITY OF BEVERLY HILLS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 170th District Court
McLennan County, Texas
Trial Court # 98-161-4
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
DISSENTING OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â I concur in the analysis in the majority opinion other than the discussion of whether some
evidence was presented that the mayor did not have the authority to terminate Dodd. I do not
believe there is any reason to send this case back to the trial court for further proceedings.
Â Â Â Â Â Â A chapter from a general personnel manual is the only âevidenceâ the majority references in
support of the determination that the mayor may not have the authority to fire Dodd. There is no
evidence that it had been adopted by the city council. Additionally, the statement relied upon by
the majority to conclude that only the city council can hire or terminate employees refers only to
âappointments.â It says nothing about termination. The provision states: âExcept as otherwise
provided by charter or ordinance, the appointing authority for all positions shall be the city
council.â Termination is simply not mentioned. Accordingly, I do not find this to be any
evidence that the mayor did not have the authority to terminate Dodd.
Â Â Â Â Â Â The statute that Dodd attached to his response does, however, contain a provision that
provides the mayor with the authority to terminate Dodd. The statute provides: âThe mayor shall
at all times actively ensure that the laws and ordinances of the municipality are properly carried
out.â Tex. Loc. Govât Code Ann. Â§ 22.001 (Vernon 1999). The same section refers to the
mayor as the chief executive officer of the municipality. Id. Where a governmental official is
given authority, the law implies the powers necessary for the official to be effective. See Nixon
v. City of Houston, 560 S.W.2d 447, 449 (Tex. Civ. App.âHouston [14th Dist.] 1997, pet. refâd
n.r.e.).
Â Â Â Â Â Â While we have held that Dodd was an employee at will, the evidence presented by Dodd
establishes that the mayorâs stated reason for termination was: âDue to the fact that the City is in
violation of the Nepotism law....â Accordingly, the mayor was acting within the authority of the
statute to â...at all times actively ensure that the laws and ordinances of the municipality are
properly carried out.â At the very least, in the context of the evidence presented in response to
the no evidence summary judgment motion, no evidence was presented that the mayor did not have
the authority to terminate Dodd.
Â Â Â Â Â Â For the foregoing reasons, I would affirm the decision of the trial court. Because the majority
does not, I respectfully dissent.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â TOM GRAY
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Dissenting opinion delivered and filed May 22, 2002
Publish




an appeal, she is not entitled to relief through a bill of review. 
Accordingly, the trial court did not abuse its discretion in granting both
motions for summary judgment.Â  BlakelyÂs third issue is overruled.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  Having determined that Blakely is not
entitled to relief through a bill of review, we need not discuss BlakelyÂs
remaining issues.Â  See French v. Brown, 424 S.W.2d 893, 895 (Tex. 1967).Â  The trial courtÂs orders are affirmed.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Davis

Affirmed

Opinion
delivered and filed June 23, 2010

[CV06]