NO. 07-07-0199-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 23, 2008


______________________________



KENDRICK J. FULTON, 1995 CHEVROLET BLAZER VIN:


1GNDT13W1S2180389 TEXAS TAG: 5GNS11, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 94,782-D; HONORABLE DON EMERSON, JUDGE


_______________________________




Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant, Kendrick Jermaine Fulton, appeals the trial court's grant of summary
judgment in favor of appellee, the State of Texas, denying Fulton's Bill of Review. We
affirm.



Background

 On October 3, 2002, Fulton's 1995 Chevrolet Blazer was seized as contraband by
the Amarillo Police Department. At the time of the seizure, Fulton was under federal
indictment on drug conspiracy charges. 

 The State filed an Original Notice of Seizure and Intended Forfeiture, under Texas
Code of Criminal Procedure chapter 59, on October 31, 2002. Fulton filed an Answer
denominated Notice to Challenge Seizure on October 7, 2003. On December 11, 2003,
the State filed a Motion for Summary Judgment based on deemed admissions. Notice of
the hearing on the State's summary judgment motion was sent to Fulton at the Lubbock
County Jail, but he had been transferred to the federal prison system prior to when notice
of the hearing was sent. On January 23, 2004, the trial court granted summary judgment
in favor of the State finding that the vehicle was contraband and forfeiting it to the State.

 Notice of the trial court's judgment was sent to Fulton, who had, by January 23,
2004, notified the clerk of his change of address. Fulton filed a Notice of Appeal of the
judgment with this Court on March 12, 2004. In a per curium opinion, this Court dismissed
Fulton's appeal for want of jurisdiction based on the untimely filing of his Notice of Appeal. 
See 1995 Chevrolet Blazer v. State, No. 07-04-0101-CV, 2005 Tex.App. LEXIS 7404, at
*5 (Tex.App.-Amarillo September 7, 2005, no pet.). We issued mandate in that cause on
December 1, 2005.

 On August 21, 2006, Fulton filed a Bill of Review with the trial court alleging that the
State had violated Fulton's due process rights by failing to give him proper notice of the
summary judgment hearing in the prior forfeiture proceeding. Attached to this Bill of
Review, Fulton included documents purporting to establish that he could not have actually
received notice of the summary judgment hearing in the prior proceeding. The State filed
a Motion for Summary Judgment alleging that Fulton is barred from challenging the prior
final judgment by way of bill of review. The trial court granted summary judgment in favor
of the State on April 25, 2007. From this judgment, Fulton timely appealed.

 By his appeal, Fulton contends that (1) there was legally or factually insufficient
evidence in the prior cause to prove that his vehicle was contraband and (2) the trial court
erred in denying his Bill of Review. As Fulton must first set aside the prior final judgment
before we can consider the sufficiency of the evidence to support that judgment, we will
address Fulton's second issue first.

Availability of Bill of Review

 Before a litigant can set aside a final judgment by way of a bill of review, he must
allege and prove (1) a meritorious defense to the cause alleged to support the judgment;
(2) which he was prevented from making by fraud, accident, or wrongful act of the
opposing party; (3) unmixed with any fault or negligence on his own part. French v. Brown,
424 S.W.2d 893, 895 (Tex. 1967). Ordinarily, one with an available appellate remedy who
fails to pursue that remedy is not entitled to seek relief by way of a bill of review. Rizk v.
Mayad, 603 S.W.2d 773, 775 (Tex. 1980) (citing French, 424 S.W.2d at 895). However,
a claim of extrinsic fraud, fraud that denied the party the opportunity to fully litigate all of
the rights or defenses that could have been asserted at trial, will support a bill of review. 
King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 752 (Tex. 2003). By contrast, intrinsic
fraud, fraud that relates to the merits of the issues that were or should have been settled
in the former action, will not support a bill of review. Id. This is so because a bill of review
is available only if a party has exercised due diligence in pursuing all available legal
remedies against a former judgment. Wimberly Inv. Co. v. Herrera, 11 S.W.3d 924, 927
(Tex. 1999).

 In the present action, Fulton contends that the State violated his due process rights
in the prior cause by failing to provide him with proper notice of the summary judgment
hearing. Fulton was or, in the exercise of due diligence, should have been aware of the
State's failure to provide actual notice of the summary judgment in the prior cause before
the deadline to file his notice of appeal. However, Fulton permitted the prior judgment to
become final by his failure to timely invoke his right of appeal. Fulton provides no
legitimate explanation for his failure to avail himself of his appellate remedy; (1) makes no
assertion that he was prevented from appealing the prior judgment by fraud, accident, or
wrongful act of the State; and identifies no extrinsic fraud that could not, with the exercise
of due diligence, have been resolved in the prior cause. See French, 424 S.W.2d at 895.

 For the foregoing reasons, we conclude that the trial court did not err in denying
Fulton's Bill of Review in the present case. As such, we may not address Fulton's
challenges to the merits of the prior judgment.

Conclusion

 We affirm the trial court's summary judgment denying Fulton's Bill of Review.


 Mackey K. Hancock

 Justice




1. While Fulton argues against one of the bases for this Court's determination that
Fulton did not invoke our jurisdiction by his appeal, we note that Fulton did not file a motion
for rehearing with this Court in the prior cause, did not seek an appeal of our judgment to
the Texas Supreme Court, and does not otherwise challenge this Court's judgment by his
current suit.