NO. 07-07-0199-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 23, 2008
_____

KENDRICK J. FULTON, 1995 CHEVROLET BLAZER VIN:
1GNDT13W1S2180389 TEXAS TAG: 5GNS11, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 94,782-D; HONORABLE DON EMERSON, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Kendrick Jermaine Fulton, appeals the trial court's grant of summary judgment in favor of appellee, the State of Texas, denying Fulton's Bill of Review. We affirm.

Background

On October 3, 2002, Fulton's 1995 Chevrolet Blazer was seized as contraband by the Amarillo Police Department. At the time of the seizure, Fulton was under federal indictment on drug conspiracy charges.

The State filed an Original Notice of Seizure and Intended Forfeiture, under Texas Code of Criminal Procedure chapter 59, on October 31, 2002. Fulton filed an Answer denominated Notice to Challenge Seizure on October 7, 2003. On December 11, 2003, the State filed a Motion for Summary Judgment based on deemed admissions. Notice of the hearing on the State's summary judgment motion was sent to Fulton at the Lubbock County Jail, but he had been transferred to the federal prison system prior to when notice of the hearing was sent. On January 23, 2004, the trial court granted summary judgment in favor of the State finding that the vehicle was contraband and forfeiting it to the State.

Notice of the trial court's judgment was sent to Fulton, who had, by January 23, 2004, notified the clerk of his change of address. Fulton filed a Notice of Appeal of the judgment with this Court on March 12, 2004. In a *per curium* opinion, this Court dismissed Fulton's appeal for want of jurisdiction based on the untimely filing of his Notice of Appeal. See 1995 Chevrolet Blazer v. State, No. 07-04-0101-CV, 2005 Tex.App. LEXIS 7404, at *5 (Tex.App.–Amarillo September 7, 2005, no pet.). We issued mandate in that cause on December 1, 2005.

On August 21, 2006, Fulton filed a Bill of Review with the trial court alleging that the State had violated Fulton's due process rights by failing to give him proper notice of the

2

summary judgment hearing in the prior forfeiture proceeding. Attached to this Bill of Review, Fulton included documents purporting to establish that he could not have actually received notice of the summary judgment hearing in the prior proceeding. The State filed a Motion for Summary Judgment alleging that Fulton is barred from challenging the prior final judgment by way of bill of review. The trial court granted summary judgment in favor of the State on April 25, 2007. From this judgment, Fulton timely appealed.

By his appeal, Fulton contends that (1) there was legally or factually insufficient evidence in the prior cause to prove that his vehicle was contraband and (2) the trial court erred in denying his Bill of Review. As Fulton must first set aside the prior final judgment before we can consider the sufficiency of the evidence to support that judgment, we will address Fulton's second issue first.

Availability of Bill of Review

Before a litigant can set aside a final judgment by way of a bill of review, he must allege and prove (1) a meritorious defense to the cause alleged to support the judgment; (2) which he was prevented from making by fraud, accident, or wrongful act of the opposing party; (3) unmixed with any fault or negligence on his own part. French v. Brown, 424 S.W.2d 893, 895 (Tex. 1967). Ordinarily, one with an available appellate remedy who fails to pursue that remedy is not entitled to seek relief by way of a bill of review. Rizk v. Mayad, 603 S.W.2d 773, 775 (Tex. 1980) (citing French, 424 S.W.2d at 895). However, a claim of extrinsic fraud, fraud that denied the party the opportunity to fully litigate all of the rights or defenses that could have been asserted at trial, will support a bill of review.

3

<u>King Ranch, Inc. v. Chapman</u>, 118 S.W.3d 742, 752 (Tex. 2003). By contrast, intrinsic fraud, fraud that relates to the merits of the issues that were or should have been settled in the former action, will not support a bill of review. <u>Id.</u> This is so because a bill of review is available only if a party has exercised due diligence in pursuing all available legal remedies against a former judgment. <u>Wimberly Inv. Co. v. Herrera</u>, 11 S.W.3d 924, 927 (Tex. 1999).

In the present action, Fulton contends that the State violated his due process rights in the prior cause by failing to provide him with proper notice of the summary judgment hearing. Fulton was or, in the exercise of due diligence, should have been aware of the State's failure to provide actual notice of the summary judgment in the prior cause before the deadline to file his notice of appeal. However, Fulton permitted the prior judgment to become final by his failure to timely invoke his right of appeal. Fulton provides no legitimate explanation for his failure to avail himself of his appellate remedy;[1] makes no assertion that he was prevented from appealing the prior judgment by fraud, accident, or wrongful act of the State; and identifies no extrinsic fraud that could not, with the exercise of due diligence, have been resolved in the prior cause. <u>See</u> <u>French</u>, 424 S.W.2d at 895.

---

[1] While Fulton argues against one of the bases for this Court's determination that Fulton did not invoke our jurisdiction by his appeal, we note that Fulton did not file a motion for rehearing with this Court in the prior cause, did not seek an appeal of our judgment to the Texas Supreme Court, and does not otherwise challenge this Court's judgment by his current suit.

For the foregoing reasons, we conclude that the trial court did not err in denying Fulton's Bill of Review in the present case. As such, we may not address Fulton's challenges to the merits of the prior judgment.

Conclusion

We affirm the trial court's summary judgment denying Fulton's Bill of Review.


Mackey K. Hancock
Justice