

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00341-CV

PEGGY BLAKELY,

                                                    Appellant

 v.

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, CHASE MANHATTAN MORTGAGE
CORPORATION, STEPHEN J. ROTELLA,
BARRETT BURKE WILSON CASTLE DAFFIN &
FRAPPIER, LLP AND JACK O'BOYLE,

                                                    Appellees

From the 40th District Court
Ellis County, Texas
Trial Court No. 78427

## MEMORANDUM  OPINION

Peggy Blakely appeals from two orders granting summary judgments in favor of

Mortgage Electronic Registration Systems and Chase Home Finance LLC (formerly

Chase Manhattan Mortgage Corporation), (MERS), and Barrett Daffin Frappier Turner

& Engle, LLP (formerly Barrett Burke Wilson Castle Daffin & Frappier, LLP), (Barrett).

Because Blakely is not entitled to the remedy of a bill of review, the trial court's orders are affirmed.

## BACKGROUND

Blakely brought an action in 2007 for wrongful foreclosure. Summary judgment was granted in favor of the defendants to that suit and an order was signed on March 27, 2008. Blakely did not appear at the summary judgment hearing. A document, which includes a cover letter and an affidavit and appears on its face to be from Blakely, was filed with the Ellis County District Clerk on April 15, 2008. In the affidavit, Blakely, acting as her own attorney, requested and demanded the district clerk to "rescind, null, and void" the March 27 judgment. No action was taken on the demand. No other documents were filed challenging the summary judgment until April of 2009 when Blakely filed a separate petition for a bill of review, the subject of this appeal. MERS and Barrett filed separate motions for summary judgment. In those motions, both argued that Blakely was not entitled to a bill of review because Blakely previously had a remedy by appeal from the 2008 judgment. MERS's and Barrett's motions for summary judgment were granted. Blakely timely filed a notice of appeal.

## BILL OF REVIEW

We begin by addressing Blakely's third issue. In that issue, Blakely queries whether the trial court abused its discretion by granting summary judgment when Blakely had filed a document which should have been considered as a motion for new trial or a notice of appeal. MERS and Barrett respond that summary judgment was proper because Blakely was not entitled to relief by a bill of review.

A bill of review is an equitable action brought by a party to a previous suit seeking to set aside a judgment which is no longer appealable or subject to a motion for new trial. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). A bill of review is proper where a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment and, at the time the bill of review is filed, there remains no adequate legal remedy available through no fault of the proponent. *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979). One with an available appeal who fails to pursue that remedy is not entitled to seek relief by way of a bill of review. *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980); *French v. Brown*, 424 S.W.2d 893 (Tex. 1967).

Blakely had a remedy by appeal and failed to pursue it. The order granting the motion for summary judgment was signed on March 27, 2008. The record shows that Blakely knew about the order by at least April 11, 2008 because a document signed by Blakely and dated the same date was filed by the district clerk on April 15, 2008. The document was filed well within the timeframe to file a motion for new trial or a notice of appeal. TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 26.1. In response to MERS's and Barrett's motions for summary judgment, Blakely contended that the April 11 document was a motion for new trial. If that document was intended to be a motion for new trial, a determination we do not make, it was overruled by operation of law on June 10, 2008. Had Blakely believed that she filed a motion for new trial, she could have then filed a notice of appeal by June 25, 2008. TEX. R. APP. P. 26.1(a). She did not.

This set of facts is very similar to the facts of *French v. Brown*, 424 S.W.2d 893 (Tex. 1967). In *French*, a summary judgment was granted against Brown. Although

neither Brown nor his attorney were present at the hearing, Brown received notice of the order and timely filed a motion for new trial. The motion was overruled by operation of law, but Brown did not pursue an appeal. Brown then filed a bill of review which was denied. On review, the Texas Supreme Court determined that because Brown did not appeal within the proper timeframe after he filed a motion for new trial, a bill of review of the order granting summary judgment was not an available remedy. *Id.* at 895.

On appeal, Blakely also argues that the April 11 document was a notice of appeal. This argument was not made to the trial court in response to MERS's and Barrett's motions for summary judgment. Therefore, it is not preserved for our review. TEX. R. APP. P. 33.1; TEX. R. CIV. P. 166a(c); *State Bd. of Ins. v. Westland Film Industries*, 705 S.W.2d 695, 696 (Tex. 1986).

Because Blakely did not timely pursue an appeal, she is not entitled to relief through a bill of review. Accordingly, the trial court did not abuse its discretion in granting both motions for summary judgment. Blakely's third issue is overruled.

## CONCLUSION

Having determined that Blakely is not entitled to relief through a bill of review, we need not discuss Blakely's remaining issues. *See French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967). The trial court's orders are affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Reyna, and
  Justice Davis
Affirmed
Opinion delivered and filed June 23, 2010
[CV06]