NO. 07-12-0169-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 OCTOBER 29, 2012
 _____________________________

 MARK SIMMONS,

 Appellant
 v.

 THE SLALOM SHOP, LLC,

 Appellee
 _____________________________

 FROM THE 393RD DISTRICT COURT OF DENTON COUNTY;

 NO. 2011-61321-393; HONORABLE DOUGLAS ROBISON, PRESIDING
 _____________________________

 Memorandum Opinion
 _____________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Mark Simmons appeals from a summary judgment denying his bill of
review filed against The Slalom Shop, LLC. Simmons petitioned for a bill
of review to set aside a final summary judgment denying him recovery
against The Slalom Shop in Cause No. 2005-60247-393 (First Suit). We
affirm.
 Slalom moved for summary judgment in this proceeding alleging that
Simmons failed to exhaust his legal remedies in the First Suit and thus,
was not entitled to a bill of review. Furthermore, Simmons did not exhaust
his legal remedies, according to Slalom, because he failed to file a timely
motion for new trial or notice of appeal attacking the judgment rendered in
the First Suit.
 The record discloses that the judgment in the First Suit was signed
on October 4, 2007. Simmons received notice of it by November 2, 2007, and
filed an unverified "Motion to Reinstate" that same day.[1] And, though
the time period for perfecting an appeal had yet to lapse by November 2nd,
Simmons undertook no effort to do that. Needless to say, the cause was not
"reinstated," and Simmons waited until September of 2011 to petition for a
bill of review.
 According to the Fort Worth Court of Appeals:
 A bill of review is an equitable proceeding designed to prevent
 manifest injustice. French v. Brown, 424 S.W.2d 893, 895, 11 Tex. Sup.
 Ct. J. 132 (Tex. 1967). It is an equitable proceeding by a party to a
 former action who seeks to set aside a judgment that is no longer
 appealable or subject to challenge by a motion for new trial. Wembley
 Inv. Co. v. Herrera, 11 S.W.3d 924, 926-27, 43 Tex. Sup. Ct. J. 140
 (Tex. 1999).

Ferrice v. Legacy Ins. Agency, Inc., No. 02-05-0363-CV, 2006 Tex. App.
Lexis 5362, at *7 (Tex. App.-Fort Worth June 22, 2006, pet. denied) (mem.
op.).[2] It further stated, in Ferrice:
 to obtain relief via a bill of review a party must have exercised due
 diligence in pursuing all adequate legal remedies . . . . This due
 diligence requirement is a distinct requirement in addition to the
 three bill of review elements; the complainant must allege and prove
 that he exercised due diligence in pursuing all adequate legal
 remedies to the challenged judgment or show good cause for failing to
 exhaust those remedies . . . . If the complainant had legal remedies
 that were ignored, relief by bill of review is unavailable.

Id. at *8. Then, the court noted that ". . . Ferrice failed to invoke his
right of appeal and permitted the judgment to become final" and ruled that
"[b]ecause . . . [he] failed to exercise due diligence in pursuing all
adequate legal remedies to the challenged judgment or to show good cause
for failing to exhaust those remedies, he is not entitled to bill of review
relief." Id. at *9-10. Other courts, including the Texas Supreme Court,
have ruled similarly. See e.g., French v. Brown, 424 S.W.2d 893, 895 (Tex.
1967) (holding that the party was not entitled to a bill of review with
respect to a summary judgment when he failed to file a notice of appeal
although he did file a motion for new trial which was overruled by
operation of law); Blakely v. Mortg. Elec. Registration Sys., No. 10-09-
00341-CV, 2010 Tex. App. Lexis 4765, at *3-4 (Tex. App.-Waco June 23, 2010,
no pet.) (mem. op.) (holding that the failure to pursue a remedy by appeal
even if a document could be construed as a motion for new trial precludes
entitlement to a bill of review). Coupling this precedent with the
undisputed evidence that Simmons 1) had time to but did not perfect an
appeal from the judgment in the First Suit, and 2) did not show any cause
explaining the omission, we too must agree, as a matter of law, that his
legal remedies had not been exhausted. So, the trial court acted properly
in rendering the final summary judgment at bar.
 Accordingly, we affirm the summary judgment.

 Brian Quinn
 Chief Justice
-----------------------
 [1]We note that while a motion to reinstate may extend the time period
within which to perfect an appeal, an unverified one does not. Butts v.
Capitol City Nursing Home, Inc., 705 S.W.2d 696, 697 (Tex. 1986).

 [2]We cite precedent from the Second Court of Appeals because the
appeal was transferred here from there by the Texas Supreme Court. See
Tex. R. App. P. 41.3 (holding that precedent of the transferring court must
be used).