NO. 07-12-0169-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 29, 2012
_____

MARK SIMMONS,

Appellant

v.

THE SLALOM SHOP, LLC,

Appellee
_____

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY;

NO. 2011-61321-393; HONORABLE DOUGLAS ROBISON, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Mark Simmons appeals from a summary judgment denying his bill of review filed against The Slalom Shop, LLC.  Simmons petitioned for a bill of review to set aside a final summary judgment denying him recovery against The Slalom Shop in Cause No. 2005-60247-393 (First Suit).  We affirm.

Slalom moved for summary judgment in this proceeding alleging that Simmons failed to exhaust his legal remedies in the First Suit and thus, was not entitled to a bill of

review. Furthermore, Simmons did not exhaust his legal remedies, according to Slalom, because he failed to file a timely motion for new trial or notice of appeal attacking the judgment rendered in the First Suit.

The record discloses that the judgment in the First Suit was signed on October 4, 2007. Simmons received notice of it by November 2, 2007, and filed an unverified "Motion to Reinstate" that same day.[1] And, though the time period for perfecting an appeal had yet to lapse by November 2nd, Simmons undertook no effort to do that. Needless to say, the cause was not "reinstated," and Simmons waited until September of 2011 to petition for a bill of review.

According to the Fort Worth Court of Appeals:

> A bill of review is an equitable proceeding designed to prevent manifest injustice. *French v. Brown*, 424 S.W.2d 893, 895, 11 Tex. Sup. Ct. J. 132 (Tex. 1967). It is an equitable proceeding by a party to a former action who seeks to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926-27, 43 Tex. Sup. Ct. J. 140 (Tex. 1999).

*Ferrice v. Legacy Ins. Agency, Inc.*, No. 02-05-0363-CV, 2006 Tex. App. LEXIS 5362, at *7 (Tex. App.–Fort Worth June 22, 2006, pet. denied) (mem. op.).[2] It further stated, in *Ferrice*:

> to obtain relief via a bill of review a party must have exercised due diligence in pursuing all adequate legal remedies . . . . This due diligence requirement is a distinct requirement in addition to the three bill of review elements; the complainant must allege and prove that he exercised due diligence in pursuing all adequate legal remedies to the challenged judgment or show good cause for failing to exhaust those remedies . . . . If

---

[1] We note that while a motion to reinstate may extend the time period within which to perfect an appeal, an unverified one does not. *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex. 1986).

[2] We cite precedent from the Second Court of Appeals because the appeal was transferred here from there by the Texas Supreme Court. *See* TEX. R. APP. P. 41.3 (holding that precedent of the transferring court must be used).

the complainant had legal remedies that were ignored, relief by bill of review is unavailable.

*Id.* at *8. Then, the court noted that ". . . Ferrice failed to invoke his right of appeal and permitted the judgment to become final" and ruled that "[b]ecause . . . [he] failed to exercise due diligence in pursuing all adequate legal remedies to the challenged judgment or to show good cause for failing to exhaust those remedies, he is not entitled to bill of review relief." *Id.* at *9-10. Other courts, including the Texas Supreme Court, have ruled similarly. *See e.g., French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967) (holding that the party was not entitled to a bill of review with respect to a summary judgment when he failed to file a notice of appeal although he did file a motion for new trial which was overruled by operation of law); *Blakely v. Mortg. Elec. Registration Sys.*, No. 10-09-00341-CV, 2010 Tex. App. LEXIS 4765, at *3-4 (Tex. App.–Waco June 23, 2010, no pet.) (mem. op.) (holding that the failure to pursue a remedy by appeal even if a document could be construed as a motion for new trial precludes entitlement to a bill of review). Coupling this precedent with the undisputed evidence that Simmons 1) had time to but did not perfect an appeal from the judgment in the First Suit, and 2) did not show any cause explaining the omission, we too must agree, as a matter of law, that his legal remedies had not been exhausted. So, the trial court acted properly in rendering the final summary judgment at bar.

Accordingly, we affirm the summary judgment.


Brian Quinn
Chief Justice


3