

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00233-CV

---

**TERESA LOPEZ WOODS, APPELLANT**

**V.**

**LEONARD EUGENE WOODS, JR., APPELLEE**

---

On Appeal from the County Court at Law
Walker County, Texas[1]
Trial Court No. F1917653A, Honorable Tracy M. Sorensen, Presiding

---

October 4, 2021

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Teresa Lopez Woods appeals from a judgment denying an equitable petition for bill of review which sought to set aside a decree of divorce and order a new property division. In her sole issue, Teresa contends that the trial court erred in denying her bill of

---

[1] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Tenth Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

review.  Because Teresa is not entitled to the remedy of a bill of review, the judgment of the trial court is affirmed.

## Background

Leonard and Teresa married in 2010.  In June of 2019, Leonard filed suit for divorce.  A couple of weeks later, Leonard drove Teresa to a local title company where she signed a waiver of service and notice before a notary.[2]  Teresa did not file an answer or otherwise respond to the suit for divorce.  At a subsequent prove-up hearing in August of 2019, which Teresa did not attend, Leonard appeared and gave testimony in support of his petition for divorce.  The trial court entered a final decree of divorce on September 9, 2019, dissolving the parties' marriage and dividing their property.[3]  A copy of the decree of divorce was mailed to Teresa at her mother's residence.  Teresa timely filed a motion for new trial on October 4, 2019, which was overruled by operation of law.  Teresa did not pursue an appeal of the decree of divorce.  Instead, on December 13, 2019, Teresa commenced this action by filing a petition for bill of review.

In her verified petition for bill of review, Teresa alleged Leonard prevented her "from asserting rights to a greater share of the parties' marital estate."  She further averred

---

[2] The waiver of service stated Teresa received a copy of the original petition for divorce, entered her appearance in the case, and agreed "this case may be taken up and considered by the [c]ourt without further notice to [her]."

[3] Under "Appearances," the decree states, "Teresa Lopez Woods, Respondent, filed a Wavier of Service" and "did not otherwise appear."  A line was drawn through a portion of the decree stating that Teresa's signature indicates her agreement to the terms of the decree.  It is undisputed that Teresa did not sign the final decree or agree to its terms.

he committed extrinsic fraud in obtaining her signature on the waiver of service because he told her that "she was signing a document to protect the parties' assets."

The trial court conducted a pre-trial hearing in March of 2020 and scheduled a hearing in July on the bill of review. Following the hearing, the trial court denied the bill of review. Teresa timely appealed that denial.

Discussion and Law

We review the granting or denial of a bill of review under an abuse of discretion standard. *In re K.P.,* No. 10-13-00108-CV, 2014 Tex. App. LEXIS 1922, at *5 (Tex. App.—Waco Feb. 20, 2014, no pet.) (mem. op.). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). "In reviewing the grant or denial of a bill of review, every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion." *Saint v. Bledsoe,* 416 S.W.3d 98, 101 (Tex. App.—Texarkana 2013, no pet.).

A bill of review is an independent equitable cause of action brought by a party to a former action seeking to set aside a judgment which is not void on the face of the record and is no longer appealable or subject to challenge by a motion for new trial or appeal. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003) (citing *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex. 1979)). A bill of review is available where a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment and, through no fault of its own, has been prevented from making a meritorious

3

claim or defense by the fraud, accident, or wrongful act of the opposing party. *Wembley Inv. Co. v. Herrera,* 11 S.W.3d 924, 927 (Tex. 1999) (per curiam). A party with an available appeal who fails to pursue that remedy is not entitled to seek relief by way of a bill of review. *Rizk v. Mayad,* 603 S.W.2d 773, 775 (Tex. 1980); *French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967) (bill of review unavailable to claimant who timely filed motion for new trial but never appealed when motion was denied by operation of law).

Here, Teresa received notice of the decree of divorce and timely filed a motion for new trial. The motion for new trial was overruled by operation of law, but Teresa did not pursue an appeal. Teresa had a remedy by appeal and failed to pursue it. She is not entitled to relief through a bill of review. *French,* 424 S.W.2d at 895; *Blakely v. Mortg. Elec. Registration Sys.,* No. 10-09-00341-CV, 2010 Tex. App. LEXIS 4765, at *4 (Tex. App.—Waco June 23, 2010, no pet.) (mem. op.) (discussing *French*). On this record, we cannot conclude that the trial court abused its discretion in denying Teresa's petition for bill of review. Accordingly, we overrule Teresa's sole issue and affirm the judgment of the trial court.

Conclusion

Finding no abuse of discretion, we affirm the judgment of the trial court.


Judy C. Parker
Justice


4