**Opinion issued September 18, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00893-CV

———————————

**AABC TRAVELS, INC., Appellant**

**V.**

**DELTA AIRLINES, INC., Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1231746**

---

## O P I N I O N

AABC Travels, Inc. appeals from a no-evidence summary judgment granted in favor of Delta Airlines, Inc.  AABC Travels asserts that the trial court erred in granting summary judgment because it did not receive notice of the motion for

summary judgment or the submission date. But AABC Travels did not raise the issue of lack of notice in a postjudgment motion.

Thus, the question in this case is whether a non-movant who asserts that it did not have notice of a summary-judgment hearing is required to raise this issue in a postjudgment motion in order to preserve error. Because we answer this question in the affirmative, and because AABC Travels failed to do so, we hold that AABC Travels did not preserve this issue for appeal, and we affirm the trial court's judgment.

## Background

AABC Travels, a Houston travel agency, filed a small claims petition against Delta, an Air France Agency. AABC Travels alleged that it booked three seats on behalf of two of its customers on a flight between Mumbai, India and Houston. AABC Travels states that it booked this additional seating to give its customers extra room on the plane. According to AABC Travels, when the customers showed up to their flight, Air France did not honor the additional seat purchase. AABC Travels contends that this damaged its reputation in the community amongst its customers and clients.

AABC Travels sued Delta for damages to its business reputation in Harris County Justice Court. AABC Travels obtained a default judgment, and Delta's

2

motion to set aside the default judgment was denied. Subsequently, Delta perfected an appeal to the county court at law for a trial de novo.

Delta filed an original answer in the county court. Delta thereafter moved for no-evidence summary judgment and attached a certificate of service. Delta set its summary-judgment motion for hearing by submission.[1]

AABC Travels did not respond to Delta's no-evidence motion for summary judgment. And the trial court granted summary judgment in favor of Delta. AABC Travels did not file a motion for new trial—but timely filed a notice of appeal to our Court contesting the judgment based on alleged lack of notice.

## Lack of Notice

In its sole issue, AABC Travels contends that the trial court erred in granting summary judgment because it was entitled to, but did not receive, notice of both the no-evidence summary judgment motion and the notice of submission. Delta disagrees, arguing that AABC Travels waived its lack-of-notice argument by not filing a motion for new trial. Thus, Delta asserts, because AABC Travels did not timely raise this issue in the trial court or in a motion for new trial, it did not preserve it for appellate review.

---

[1] Delta's notice of submission included a certificate of service stating that it was "served on all parties of record in accordance with the Texas Rules of Civil Procedure."

Absent fundamental error, an appellant must preserve error by making a complaint to the trial court by timely request, objection, or motion with sufficient specificity to make the trial court aware of the complaint, and the trial court must either rule on it or refuse to rule on it. *See* TEX. R. APP. P. 33.1(a).[2]

Rule 166a(c) of the Texas Rules of Civil Procedure states that a motion for summary judgment "shall be filed and served at least twenty-one days before the time specified for hearing." TEX. R. CIV. P. 166a(c).  The notice provision serves to provide the nonmovant with a full opportunity to respond to the merits of the motion. *Hatler v. Moore Wallace N. Am., Inc.*, No. 01-07-00181-CV, 2010 WL 375807, at *1 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.).

Nonetheless, lack of notice of a summary judgment motion and hearing is not a jurisdictional defect. *See French v. Brown*, 424 S.W.2d 893, 894 (Tex. 1967). Rather, lack of notice is a procedural defect that is waivable by the nonmovant. *Viesca v. Andrews*, No. 01-13-00659-CV, 2014 WL 4260355, at *6 (Tex. App.— Houston [1st Dist.] Aug. 28, 2014, no pet.) (mem. op.).  This procedural defect may be corrected by the trial court in response to a timely filed motion for new trial or by an appellate court if the trial court overrules the motion for new trial. *See French*, 424 S.W.2d at 894; *Babajide v. Citibank (S.D.), N.A.*, No. 14-04-00064-CV, 2004

---

[2]    *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006) ("Except for fundamental error, appellate courts are not authorized to consider issues not properly raised by the parties.").

WL 2933575, at *1 (Tex. App.—Houston [14th Dist.] Dec. 21, 2004, no pet.) (mem. op.).

Therefore, a non-movant *must* file a motion for new trial to preserve a complaint that she did not receive notice of a summary judgment motion and hearing or submission date. *See Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *4 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.); *see also Mayfield v. Fullhart*, 444 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).[3] The issue is waived if, as here, it is raised for the first time on appeal. *See Viesca*, 2014 WL 4260355, at *6; *see also Babajide*, 2004 WL 2933575, at *1 (holding appellant failed to preserve complaint that she did not receive notice of summary-judgment hearing by not timely filing motion for new trial in trial court and appellate court could not address complaint for first time on appeal).

AABC Travels filed its notice of appeal within 30 days after the trial court signed the summary judgment order—which is the same time period for filing a motion for new trial. *See* TEX. R. CIV. P. 329b(a) (motion for new trial must be filed within 30 days after judgment is signed). Thus, AABC Travels clearly had the opportunity to timely file a motion for new trial, but it chose not to do so. But

---

[3]     *See Monk v. Westgate Homeowners' Ass'n, Inc.*, No. 14-07-00886-CV, 2009 WL 2998985, at *3 (Tex. App.—Houston [14th Dist.] Aug. 11, 2009, no pet.) (mem. op.) (requiring nonmovant to file motion for new trial "to notify the trial court that he did not respond . . . [to] the summary judgment . . . because he did not receive timely notice of it").

5

because the only issue here is lack of notice, AABC Travels was *required* to raise the issue in the trial court in a motion for new trial. *See Schied*, 2016 WL 3751619, at *4; *see also Mayfield*, 444 S.W.3d at 226. The record does not reflect that AABC Travels filed a motion for new trial or any other postjudgment motion raising the notice issue in the trial court.[4]

As a result, AABC Travels's sole issue regarding lack of notice of the summary judgment motion and submission date is not properly before us to consider. *See* TEX. R. APP. P. 33.1(a); *Schied*, 2016 WL 3751619, at *4; *Babajide*, 2004 WL 2933575, at *1.

---

[4] Even if this issue were preserved, the only evidence AABC Travels points to in support of its lack-of-notice argument is an unofficial copy of the notice of submission, which includes a certificate of service page that is not a part of our record on appeal. We cannot consider this evidence because it is not part of our appellate record. *See Tex. Windstorm Ins. Ass'n v. Jones*, 512 S.W.3d 545, 552 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("Evidence that is not contained in the appellate record is not properly before this Court."). Even if it was, AABC Travels asserts that the email address listed in the certificate of service page is not valid, but this assertion is not supported by evidence in the record and therefore we cannot consider it. *See Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) ("[W]e do not consider factual assertions that appear solely in briefs and are not supported by the record.").

## Conclusion

We therefore affirm the trial court's judgment in all things.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Morgan and Dokupil.